**J. W. SINGLETON, III, Appellant,**

v.

**Charles PENNINGTON, Appellee.**

**No. 19252.**

Court of Civil Appeals of Texas, Dallas.

April 13, 1978.

See also, Tex.Civ.App., 568 S.W.2d 367.

## ON MOTION TO DISMISS

GUITTARD, Chief Justice.

This motion reveals an extraordinary reversal of the positions of the parties. Plaintiff, though successful so far, both in the trial court and on appeal, now desires to give up all his rights under the judgment and pay all costs in both courts so that the whole case may be dismissed as moot. His motion to dismiss on this ground comes more than two months after he had resisted defendant's motion for rehearing in a written argument discussing at length the perti-

nent authorities and principles of law. Defendant, however, has not accepted this ostensible generosity. He wishes the litigation to continue, although he has nothing to gain that plaintiff is not now willing to give him.

Plaintiff's explanation of why he no longer desires to recover or to uphold the judgment is that the case "has involved extensive legal time and expenses for plaintiff-appellee which far exceed any recovery under said judgment." Nevertheless, plaintiff has not simply instructed his counsel to file no more briefs, make no further appearances, and accept whatever ruling the court makes. His counsel has prepared and filed a motion to dismiss in which he shows that he has prepared and delivered to counsel for defendant a "settlement agreement and release of judgment" and also a "release and assignment of judgment," both of which defendant's counsel has refused to accept. Plaintiff's motion includes a brief of the authorities on the question of mootness. Further, in response to defendant's opposition to the motion, plaintiff's counsel has filed a response containing several more pages of discussion of the legal authorities and a copy of another "release and assignment of judgment," which, plaintiff says, has also been delivered to defendant. Alternatively, plaintiff requests that the court "not make any further rulings, judgments, opinions or orders on the merits of this appeal until the appellee has been afforded a reasonable time to make application for mandamus to the Supreme Court of Texas to obtain dismissal of this case and appeal because of mootness." Although plaintiff protests that any further expense of supporting the judgment is unbearably onerous, apparently he willingly accepts the substantial expense of obtaining a dismissal of the cause, even to the extent of a petition for mandamus in the supreme court. Plaintiff's concern for economy brings to mind the skepticism of Hamlet's mother concerning another woman's assertions of eternal faithfulness: "The lady doth protest too much, methinks." *Hamlet*, act iii, sc. 2, l. 242.

Defendant's attitude is a little more comprehensible, but not much. Until now, his defense has been unsuccessful. No further action of this court or of the supreme court could give him a better financial position than he can have if he accepts what plaintiff proposes. Even if defendant's tendered release is ineffective, dismissal would leave the original claim subject to a plea of limitation. Defendant asserts, however, that he is "left with the stigma of a judgment for money damages, including punitive damages, based on alleged deceptive actions." He, too, presents an extensive brief in support of his contention that the case is not moot.

If the motion to dismiss had been presented before original submission to this court, we would have been inclined to grant it and allow a decision of the substantial and difficult questions under the Deceptive Trade Practices Act to await a case in which the economic interests of the immediate parties might justify remuneration more appropriate to efforts like those which have already been exerted by counsel in this case. Now the matter is in a different posture. In our original opinion, we construed the Deceptive Trade Practices Act as imposing treble damages on an innocent seller of goods who is not in the business of selling. Defendant has moved for a rehearing on various grounds, including the unconstitutionality of the Act. Plaintiff has responded with an able and thorough brief. Amici curiae have filed elaborate arguments. None of these efforts have been half-hearted. We have rarely encountered a case in which the questions to be decided have been more ably or more exhaustively argued on both sides.

When plaintiff's motion to dismiss was filed, we had already reached a decision on the motion for rehearing and had completed the first draft of an opinion on that motion. If we should now withhold that opinion and dismiss this cause, the earlier opinion would be left outstanding with no indication of whether it is still a correct expression of the court's views. Of course, we could withdraw that opinion from publication, as plaintiff suggests, but, like the writing of

Omar Khayyam's moving finger, it cannot be blotted out. Copies of the opinion have been supplied by our clerk in response to numerous requests, and it has already received attention in statewide publications. We anticipate that it will be cited in briefs and arguments, perhaps to the disadvantage of lawyers who would have no opportunity to read it in the usual published form. Thus, the question on this motion is not whether we should decide a moot case, but whether we should withhold our announcement of a decision in a case, not at all moot when it was considered and decided, because the party who has heretofore obtained a favorable ruling now desires to avoid any further action of the court by surrendering everything that he has previously won.

We find no authority for the view that dismissal is required under these circumstances. We conclude that it is a matter within our discretion. We exercise that discretion by overruling the motion to dismiss for two reasons. First, the motion comes too late, and, second, the matters raised by the motion for rehearing are important matters of public interest.

Both of these reasons seem to have been considered by the supreme court in *City of Pasadena v. State ex rel. City of Houston*, 442 S.W.2d 325, 331 (Tex.1969). There the court had already handed down an opinion and on motion for rehearing had decided to withdraw that opinion and hand down another opinion remanding the case to the trial court. However, just before the court was prepared to announce its ruling on the motion for rehearing, a joint motion was filed by all the parties requesting the court to set aside its first opinion and dismiss the application for writ of error, leaving in force the judgment of the court of civil appeals. The supreme court overruled the motion to dismiss, handed down its opinion on rehearing, and remanded the cause to the trial court, explaining that the case was a matter of public concern because it involved the interests of other municipalities and the rights of taxpayers under the Municipal Annexation Act.

Defendant cites other cases supporting the rule that a cause will not be dismissed in the appellate court for mootness if a decision has been reached, particularly if an opinion has already been handed down. *Alamo Motor Lines v. International Brotherhood*, 229 S.W.2d 112, 116 (Tex.Civ.App.—San Antonio 1950, no writ); *International Brotherhood v. Missouri Pacific Freight Transport Co.*, 220 S.W.2d 219, 254 (Tex.Civ.App.—Beaumont 1949, writ ref'd n. r. e.); *Martinez v. Kilday*, 117 S.W.2d 151, 153 (Tex.Civ.App.—San Antonio 1938, no writ); *Boyd v. Adcock*, 21 S.W.2d 743 (Tex.Civ.App.—Eastland 1929, Hickman, C. J.) (motion to dismiss for mootness after submission "comes too late"). Although plaintiff distinguishes each of these cases on their facts, we take them to stand for the principle that a dismissal for mootness is not required under circumstances comparable to those now before us.

Defendant also cites decisions from other jurisdictions in support of the rule, recognized by the supreme court of Texas in *City of Pasadena v. State ex rel. City of Houston, supra*, that when the appeal involves a question of public interest, the appellate court may decide it even though it may be moot insofar as the particular action or parties are concerned. This rule has been held particularly applicable in cases involving the constitutionality of statutes. *Golden v. People*, 101 Colo. 381, 74 P.2d 715, 716 (1937); *McCanless v. Klein*, 182 Tenn. 631, 188 S.W.2d 745, 747 (1945); *Doering v. Swoboda*, 214 Wis. 481, 253 N.W. 657, 658 (1934). *See generally*, Annot., 132 A.L.R. 1185 (1941). The rule has been recognized in Texas opinions dismissing cases for mootness with the observation that no matter of public importance was involved. *Danciger Oil & Refining Co. v. Railroad Commission*, 122 Tex. 243, 56 S.W.2d 1075 (1933); *Hol-Main Corp. v. Dissen*, 531 S.W.2d 912, 913 (Tex.Civ.App.—Corpus Christi 1975, no writ). Dismissal for mootness of a case involving a question of public interest has been held to be a matter within the discretion of the appellate court. *Payne v. Jones*, 193 Okl. 609, 146 P.2d 113, 116 (1944).

If, as the above authorities demonstrate, cases of public interest stand on a different basis with respect to dismissal for mootness, then this is surely such a case. The Deceptive Trade Practices Act is probably the most far-reaching legislation that has been enacted in Texas since the adoption of the English common law in 1840. It may have a direct bearing on thousands of transactions every day. Yet few prospective litigants are in a position to risk the penalties of the Act to obtain a court test of its validity or a judicial determination of its meaning. The questions before us have been ably briefed by counsel for both parties, as well as by amici curiae. These considerations persuade us that we should exercise our discretion by overruling the motion to dismiss.

We grant, however, plaintiff's alternative request to delay our opinion so that he may apply to the supreme court for a writ of mandamus to require us to dismiss the case. Accordingly, we withhold our opinion until April 20, 1978, and will deliver it at that time unless meanwhile the supreme court grants leave to file such a petition for mandamus.

Motion to dismiss overruled.