HOUSTON MUNICIPAL EMPLOYEES
PENSION SYSTEM, Petitioner,

v.

Craig E. FERRELL, Jr.,
et al., Respondent.

No. 05–0587.

Supreme Court of Texas.

Argued Jan. 23, 2007.

Decided Nov. 30, 2007.

■■■■■

■■■

Bob E. Shannon, Thomas R. Phillips, Baker Botts LLP, Austin, Stephen G. Tipps, Kathryn S. Vaughn, Martha Garrison Newton, Baker & Botts, L.L.P., Houston, TX, for Petitioner.

Lloyd E. Kelley, Lloyd E. Kelley & Associates, Houston, TX, for Respondent.

Robert R. Burford, Gibbs & Bruns, David M. Gunn, Beck, Redden & Secrest, L.L.P., Houston, Barbara E. Rosenberg, Assistant Attorney, Dallas, Kristofer S. Monson, Assistant Solicitor General, Austin, TX, for Amicus Curiae.

Justice GREEN delivered the opinion of the Court, in which Chief Justice JEFFERSON, Justice HECHT, Justice O'NEILL, Justice WAINWRIGHT, Justice BRISTER, Justice MEDINA, and Justice JOHNSON joined.

This case concerns whether members of the Houston Municipal Employees Pension System (HMEPS) may bring a declaratory judgment action to declare their rights under the statute that created HMEPS even when, as HMEPS argues, that stat-ute provides no right to judicial review of decisions by HMEPS's pension board. HMEPS sought the dismissal, for want of jurisdiction, of an action for injunctive relief and declaratory judgment brought by Craig E. Ferrell, Jr. and 29 other plaintiffs (plaintiffs, collectively). The trial court issued an interlocutory order denying HMEPS's jurisdictional plea, and the court of appeals affirmed the trial court's order. 177 S.W.3d 502, 517 (Tex.App.-Houston [1st Dist.] 2005). HMEPS appealed to this Court,[1] contending: (1) the court of appeals erred in affirming the trial court's denial of HMEPS's jurisdictional plea and in analyzing the case under the doctrine of exclusive jurisdiction, rather than holding that Article 6243h of the Texas Revised Civil Statutes provides no right to judicial review of pension board decisions; and (2) Ferrell's claims are barred by sovereign immunity.[2] On the day Ferrell's response to HMEPS's petition for review was due to be filed, Ferrell took a voluntary non-suit without prejudice. We hold Ferrell has an absolute right to non-suit his claims, and, because Ferrell's case is now moot, we vacate the court of appeals' judgment as to Ferrell and the trial court's orders to the extent that they affect Ferrell's claims, and we dismiss Ferrell's case. We further hold that the 29 plaintiffs who joined Ferrell's action are not entitled to seek a declaratory judgment and injunctive relief in this case. We therefore reverse the court of appeals' judgment as to the 29

1. The Texas Association of Public Employee Retirement Systems, the Houston Police Officers' Pension System, and the City of Dallas filed briefs of amicus curiae in support of HMEPS's appeal.

2. The trial court, court of appeals, and parties have all referred to sovereign immunity rather than governmental immunity. See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Property/Casualty Joint Self-Insurance Fund, 212 S.W.3d 320, 324 (Tex.2006) (distinguishing sovereign immunity, which "extends to various divisions of state government, including agencies, boards, hospitals, and universities," from governmental immunity, which "protects political subdivisions of the State, including counties, cities, and school districts" (citations omitted)). Though HMEPS's defense may be correctly characterized as governmental immunity, that issue is not before us, and we need not address it here.

plaintiffs and dismiss their claims for want of jurisdiction.

## I. Facts

An eleven-member pension board has broad authority to administer, manage, and operate HMEPS, which provides retirement benefits to certain employees of the City of Houston under Article 6243h of the Texas Revised Civil Statutes. The pertinent text of Article 6243h reads:

> (x) The pension board shall manage the pension fund under this Act and under the Internal Revenue Code of 1986, as amended, and may:
>
> > (1) adopt, for the administration of the pension fund, written rules and guidelines;
> >
> > (2) interpret and construe this Act and any summary plan, descriptions, or benefits procedures, except that each construction must meet any qualification requirements established under Section 401, Internal Revenue Code of 1986, as amended;
> >
> > (3) correct any defect, supply any omission, and reconcile any inconsistency that appears in this Act in a manner and to the extent that the pension board considers expedient to administer this Act for the greatest benefit of all members;
> >
> > (4) determine all questions, whether legal or factual, relating to the eligibility for membership, service, or benefits or relating to the administration of the pension fund to promote the uniform administration of the pension fund for the benefit of all members and retirees; and
> >
> > (5) establish and maintain records necessary or appropriate for the proper administration of the fund.
>
> (y) The determination of any fact by the pension board and the pension board's interpretation of this Act are final and binding on any interested party, including members, deferred participants, retirees, eligible survivors, beneficiaries, and the city.

TEX.REV.CIV. STAT. art. 6243h § 2(x)-(y).

Ferrell began his law enforcement career as a cadet in the Houston Police Academy and, from 1977 to 1990, served as a police officer in the Houston Police Department. During that period, Ferrell participated in the Houston Police Officers' Pension System (HPOPS). In 1990, having obtained a law degree, Ferrell went to work for the Legal Services Division of the Houston Police Department, where he still works. Because he was no longer classified as a police officer, he withdrew his contributions from HPOPS and began accruing credit in HMEPS, a separate pension system covering employees of the City of Houston. In 1998, HMEPS issued a written "Acknowledgment of Statutory Application" which read, in pertinent part:

> A person is not eligible for HMEPS membership for the time period during which the person was in a position covered by another pension system to which the City of Houston contributes ("City pension system").
>
> . . . .
>
> A person cannot receive any credited service in HMEPS for the time during which the person was not a member of HMEPS.

Later that year, Ferrell requested that HMEPS award him service credit for the time he spent as a police officer. In January 1999, HMEPS Executive Director David Long sent Ferrell a letter denying his request and informing him that "a person may receive credited service in HMEPS only for time during which the person is a member of HMEPS."

In March 2003, Ferrell sued HMEPS on multiple theories, including breach of fidu-

ciary duty, breach of contract, and negligent misrepresentation. Ferrell also sought a declaratory judgment that he was entitled to pension benefits in HMEPS for each year he worked for the City of Houston, beginning in 1977. HMEPS filed a motion to dismiss, or plea to the jurisdiction, seeking to dismiss Ferrell's suit for lack of subject matter jurisdiction on the basis of sovereign immunity. Ferrell then amended his petition, dropping all claims except his action for declaratory judgment and injunctive relief. In a second amended petition, Ferrell expressly eliminated any request for money damages but sought an additional declaration that he was entitled to service credit in HMEPS for his time in the Houston Police Academy.

Subsequently, in a first supplemental petition, 29 Houston police officers joined Ferrell's action for declaratory judgment and injunctive relief.[3] Specifically, they sought a declaration that they were entitled to service credit in HMEPS for the time they spent as cadets in the Houston Police Academy, from May 1977 to September 1977, and an order directing the board to credit their retirement service accounts accordingly. The 29 plaintiffs allege they originally requested such credit from the pension board in a March 2003 letter. HMEPS claims to have no record of any such letter. Regardless, the record shows that HMEPS became aware of the 29 plaintiffs' claims when the plaintiffs joined Ferrell's action, if not before, and the record further indicates the pension board has not yet made a determination as to those claims.[4]

In a supplemental motion to dismiss, HMEPS again asserted it was immune from suit and contended the actions brought by Ferrell and the 29 additional plaintiffs were not ripe because HMEPS

---

3. The 29 plaintiffs are: Al Pena, B.L. Chebret, Brad Piel, Bubba Caldwell, C. Newman, Cole Lester, G.L. Blankenship, Gary Gryder, George Shaw, Harold Barthe, J.J. Berry, J.M. Demartin, Jeff Larson, Joe Pyland, John Miller, John Walsh, John Yencha, M. Donato, M.R. Clark, Matt Calley, Patricia Murray, R.D. Mosley, R.L. Martin, Robert Sondoval, Rodney Johnson, Shawn Palin, T.J. Carr, Tom Hayes, and Warren Givens.

4. HMEPS argues the plaintiffs failed to follow HMEPS's established procedures for seeking the pension board's review of their claims for service credit. The plaintiffs dispute HMEPS's assertion. HMEPS acknowledged and responded to the plaintiffs' claims as early as October 9, 2003, when HMEPS Executive Director David Long sent the plaintiffs' counsel a letter stating:

> Because it appears that Mr. Ferrell's claim regarding the May 23, 1977 to September 9, 1977 period of time is similar to the claims of the 29 other individuals you represent in the lawsuit, HMEPS will provide a response to all of those claims at the same time. In the meantime, we are still reviewing the claims.

In another letter to the plaintiffs' counsel, dated December 8, 2003, Mr. Long wrote, "It appears that you are requesting that HMEPS respond to the claims of the 29 individuals listed on the petition in addition to Mr. Ferrell." The letter went on to request additional information as to some of the "29 individuals," which the plaintiffs' counsel responded to in a December 29, 2003 letter. In the December 29 letter, plaintiffs' counsel requested information regarding HMEPS's internal procedure for deciding claims as well as any information regarding HMEPS's timetable for deciding the plaintiffs' claims. The record is unclear as to whether HMEPS made the relevant information available to the plaintiffs or otherwise adequately disseminated the information, but it is clear that HMEPS has, as of this date, neither affirmatively granted nor denied the 29 plaintiffs' claims for service credit. However, the 29 plaintiffs argue that under HMEPS's review policy, claims to the pension board that do not receive action should be considered denied after 60 days. So in this case HMEPS's inaction may operate as a denial of the 29 plaintiffs' claims, but we need not decide that issue.

had not yet determined whether they were entitled to service credit for their time spent in the police academy. HMEPS also asserted the trial court lacked subject matter jurisdiction over Ferrell's claim for service credit for the years of his employment as a police officer because a declaratory judgment in his favor would entitle him to pension benefits exceeding the maximum jurisdictional limit of the trial court.

The trial court denied HMEPS's plea to the jurisdiction solely on the basis of HMEPS's assertion that it was immune from suit. HMEPS appealed to the court of appeals which, holding "the doctrine of exclusive jurisdiction does not apply in the context of this action for declaratory judgment," affirmed the trial court's denial of HMEPS's plea to the jurisdiction. 177 S.W.3d at 516. HMEPS then timely filed this appeal.

## II. Analysis

 "A party may contest a trial court's subject matter jurisdiction by filing a plea to the jurisdiction." *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999). A "person," in this case HMEPS, may appeal an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM.CODE §§ 51.014(a)(8), 101.001(3)(D); *Tex. A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 841 (Tex.2007). We review a trial court's order granting or denying a plea to the jurisdiction de novo. *Hoff v. Nueces County,* 153 S.W.3d 45, 48 (Tex.

2004). When reviewing such an order, "we consider the facts alleged by the plaintiff[s] and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties." *Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001).

In the court of appeals, HMEPS argued it had sovereign immunity from Ferrell's claims and the claims of the additional 29 plaintiffs. 177 S.W.3d at 508–09. However, HMEPS no longer asserts immunity with respect to the 29 plaintiffs. Rather, HMEPS asserts sovereign immunity only with respect to Ferrell's claims, arguing he has not pleaded a valid claim for declaratory relief. Ferrell, HMEPS contends, merely recharacterized his suit for monetary damages as a declaratory judgment action.[5] *See Tex. Natural Resource Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 856 (Tex.2002) (holding that a plaintiff "cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages, such as a contract dispute, as a declaratory-judgment claim").

### A. Ferrell's Non-suit

 Ferrell's non-suit, if we accept it, nullifies HMEPS's contention that Ferrell has failed to plead a valid claim for declaratory relief. HMEPS argues we need not accept Ferrell's non-suit.[6] For support, HMEPS points to *Singleton v. Pennington,* 568 S.W.2d 382, 383–84 (Tex.Civ.App.-Dallas 1978), *rev'd on other grounds,* 606 S.W.2d 682 (Tex.1980). In *Singleton,* the

---

**5.** While HMEPS does not contend that the 29 plaintiffs' claims are in reality claims for monetary damages, HPOPS does advance such an argument in their brief of amicus curiae. The plaintiffs, they argue, in reality seek to impose liability on the state for damages because they request declaratory relief establishing entitlement to pension benefits in the HMEPS retirement system. We need not and do not address that issue.

**6.** HMEPS also does not oppose the non-suit so long as the core issue, whether Article 6243h provides a right to judicial review of the pension board's determinations, remains viable. Because we take jurisdiction over the claims of the additional 29 plaintiffs, that issue remains before us.

plaintiff sought a non-suit after the court of appeals issued an opinion in the plaintiff's favor and the defendant filed a motion for rehearing. *Id.* at 382–83. The court of appeals "had already reached a decision on the motion for rehearing and had completed the first draft of an opinion on that motion." *Id.* at 383. As the court of appeals explained, dismissal of the cause at that stage of the proceedings would have left the court of appeals' original opinion outstanding without any indication of whether the court of appeals' views had changed. *Id.* at 383–84. In this case, because we take jurisdiction over the claims of the 29 plaintiffs who joined Ferrell's action for declaratory judgment, permitting Ferrell's non-suit does not change the fact that the court of appeals' opinion rightly survives. Under our decision in *University of Texas Medical Branch at Galveston v. Estate of Blackmon,* 195 S.W.3d 98, 100 (Tex.2006), Ferrell has an absolute right to take a non-suit in this Court because he took it before he presented all his evidence and rested his case in chief. *See* TEX.R. CIV. P. 162 ("At any time before the plaintiff has introduced all his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes."). As such, we accept Ferrell's non-suit, noting that it moots his case, not merely his appeal. *See* TEX.R.APP. P. 56.2, 60.2(e); *Arizonans for Official English v. Arizona,* 520 U.S. 43, 71–72, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997); *Houston Cable TV, Inc. v. Inwood W. Civic Ass'n,* 860 S.W.2d 72, 73 (Tex.1993). Accordingly, we vacate the court of appeals' judgment as to Ferrell and the trial court's orders to the extent that they affect Ferrell's claims, and we dismiss Ferrell's case. We therefore need only consider

HMEPS's appeal as it concerns the claims of the additional 29 plaintiffs.

**B. Right to Appeal Pension Board Determinations**

The court of appeals analyzed Article 6243h and HMEPS's appeal under the doctrine of exclusive jurisdiction. 177 S.W.3d at 512. When the Legislature grants an administrative agency sole authority to make an initial determination in a matter, the agency has exclusive jurisdiction over the matter. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 221 (Tex.2002). The doctrine of exclusive jurisdiction concerns a trial court's original jurisdiction and is relevant when the plaintiff has not exhausted his administrative remedies. *Id.* ("[I]f an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action."); *see also In re Entergy Corp.,* 142 S.W.3d 316, 321 (Tex.2004) ("An agency has exclusive jurisdiction when the Legislature has granted that agency the sole authority to make an initial determination in a dispute."). Only after exhaustion has occurred may a plaintiff seek judicial review of the administrative decision, and then he may do so "only at the time and in the manner designated by statute." *Cash Am. Int'l, Inc. v. Bennett,* 35 S.W.3d 12, 15 (Tex.2000).

In this case, the 29 plaintiffs claim to have exhausted all of their administrative remedies. HMEPS contested the 29 plaintiffs' claim of exhaustion in the trial court but does not oppose their claim of exhaustion on appeal to this Court. The record is unclear as to whether exhaustion in fact occurred.[7] But it is important to note that whether the 29 plaintiffs exhausted their administrative remedies is of

7. *See supra* note 3.

no consequence in this case if, as HMEPS argues, Article 6243h expressly denies pension members a right to judicial review of the pension board's determinations, or is silent as to that question. There is no right to judicial review of an administrative order unless a statute explicitly provides that right or the order violates a constitutional right. *Gen. Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 599 (Tex.2001); *Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 397 (Tex.2000); *Firemen's & Policemen's Civil Serv. Comm'n v. Kennedy*, 514 S.W.2d 237, 239–40 (Tex.1974); *City of Amarillo v. Hancock*, 150 Tex. 231, 239 S.W.2d 788, 790–92 (1951). Accordingly, when an act is either silent on the question of appeal or expressly denies a right to appeal, a party may appeal only "where the administrative action complained of violates a constitutional provision." *Hancock*, 239 S.W.2d at 790. Where, as here, no constitutional violation is at issue and the question is merely whether the Legislature has specifically provided for judicial review, courts look to the plain meaning of the statutory text to determine the Legislature's intent. *See Cont'l Cas.*, 19 S.W.3d at 398 ("Our objective in construing a statute is to determine and give effect to the Legislature's intent. In so doing, we look first to the plain and common meaning of the statute's words." (citation omitted)).

 Article 6243h provides that "[t]he determination of any fact by the pension board and the pension board's interpretation of this Act are final and binding on any interested party." TEX.REV.CIV. STAT. art. 6243h § 2(y). The words "final and binding," when used to describe an administrative decision, preclude judicial review. *See, e.g., City of Houston v. Jackson*, 192 S.W.3d 764, 771 (Tex.2006) (holding that the words "final and binding" in section 143.057(c) of the Texas Local Government Code mean any review of an independent hearing examiner's decision through an appeal to the district court must be "severely circumscribed"). The 29 plaintiffs argue that they seek an interpretation of Article 6243h for the narrow purpose of declaring whether the statute authorizes a trial court to review the pension board's action. If indeed the plaintiffs seek only an declaration of whether a trial court can review the pension board's decisions, then the trial court would have jurisdiction to interpret the statute and make such a declaration. *See Camacho v. Samaniego*, 831 S.W.2d 804, 809 (Tex. 1992). Courts always have jurisdiction to determine their own jurisdiction. *Id.* But Article 6243h does not give the trial court jurisdiction to review any pension board decision regarding the 29 plaintiffs' request for retirement service credit.[8]

As HMEPS argues and the 29 plaintiffs' petition indicates, the plaintiffs' lawsuit did not merely seek a declaratory judgment announcing whether Article 6243h gives jurisdiction to the trial court to review a pension board decision. The petition seeks "declaratory relief that establishes . . . entitlement to Pension Benefits," asking the trial court to hold that the statute requires the pension board to credit each plaintiff's retirement account with time served while in the police academy, and that the pension board was violating the law by refusing to grant such credit. The 29 plaintiffs further requested that the

---

8. Though the 29 plaintiffs argue that the pension board has failed to issue any order at all regarding their claim for retirement credit, and thus there could not be a decision for the trial court to review, they also claim to have exhausted all of their administrative remedies, which necessarily entails obtaining a final decision from the pension board. *See supra* note 3.

trial court issue an injunction directing the pension board to comply with the trial court's interpretation of Article 6243h and credit each plaintiff's retirement account appropriately. Such relief, whether labeled a declaratory judgment or review of a pension board decision, exceeds the power of the trial court as limited by the "final and binding" language of Article 6243h. Because the Legislature has not authorized the trial court to grant the relief sought, the trial court lacks jurisdiction over the case. *See Metro. Transit Auth. v. Jackson,* 212 S.W.3d 797, 801 (Tex.App.-Houston [1st Dist.] 2006, pet. denied) ("Jurisdiction is the power to adjudicate, that is, to grant or deny relief."); *Elbar, Inc. v. Claussen* 774 S.W.2d 45, 53 (Tex.App.-Dallas 1989, writ dism'd) ("The test of jurisdiction is whether a court ha[s] the power to enter upon an inquiry . . . ."); *see also Mason v. Heirs of Russell,* 1 Tex. 721, 728 (1846) ("Upon principle, it would seem that the operation of every judgment must depend on the power of the court to render that judgment; or in other words, on its jurisdiction over the subject matter, which it has determined.") Thus the trial court should have granted HMEPS's plea to the jurisdiction.

## III. Conclusion

The trial court erred in denying HMEPS's plea to the jurisdiction. Because we accept Ferrell's non-suit, we vacate the court of appeals' judgment as to Ferrell and the trial court's orders to the extent they affect Ferrell's claims. With respect to the remaining plaintiffs, we reverse the court of appeals' judgment and, rendering the judgment the court of appeals should

have rendered, dismiss for want of jurisdiction the 29 plaintiffs' action for declaratory judgment and injunctive relief.

Justice BRISTER filed a concurring opinion, in which Justice O'NEILL joined.

Justice WILLETT did not participate in the decision.

Justice BRISTER, joined by Justice O'NEILL, concurring.

I join fully in the Court's opinion and judgment. I write separately only to emphasize the unusual nature of this statute.

The 29 remaining plaintiffs assert the courts have jurisdiction to decide who should credit their pensions for time served in Houston's police academy. Apparently the City's pension system for police says cadets are covered by the City's pension system for general employees, while the latter says they are covered by the former. Despite its breathtaking 20,290 words, article 6243h (governing pensions for general employees) says nothing about this matter. Thus, to decide whether the plaintiffs should get that credit, someone must interpret the statute or supplement its terms.

The Legislature expressly provided that only the City's pension board could do either—that the board could "interpret and construe this Act" and could "supply any omission."[1] The statute also says that the board's decisions in doing so "are final and binding on any interested party, including members."[2] "Final and binding" means no appeal, unless the context says otherwise.[3] This was surely no mis-

---

1. Tex.Rev.Civ. Stat. art. 6243h, § (2)(x)(2)-(3).

2. *Id.* § (2)(y).

3. *See City of Houston v. Clark,* 197 S.W.3d 314, 324 (Tex.2006); *see also Sultan v. Mathew,* 178 S.W.3d 747, 752 (Tex.2005).

take, as the Legislature said the same thing about pension systems for Texas firefighters and police officers in cities large,[4] small,[5] and in-between.[6]

This ban on judicial review might look odd until one looks at the broader context. According to the list of prior laws in the statute books, the pension statute for the City's police officers has been amended 33 times since 1947, while that for the City's general employees has been amended 25 times since 1943. Of the 31 Legislatures that met from 1943 until 2003, all but five tinkered with one statute or both. Our legislators having decided they wish to be the final (and frequent) arbiter of disputes about how these pension systems should be run, we must leave them to it, as the Texas Constitution expressly allows the Legislature to grant jurisdiction to administrative bodies rather than the courts.[7]

A different case might be presented if the plaintiffs alleged the board was clearly violating some provision of the statute. Article 6243h gives the pension board complete discretion to interpret the statute, but not to violate it. Had the Legislature meant for the board to do whatever it wanted, there would have been no reason for this palaverous statute. But the plaintiffs argue only that the board is misinterpreting the statute, a charge we cannot adjudicate without interpreting the statute ourselves. Exercising their constitutional prerogative, the Legislature has said the courts cannot do so. Accordingly, I agree with the Court that we cannot respond (as the plaintiffs request) "Oh yes we can."

---

4. TEX.REV.CIV. STAT. art. 6243e.2(1), § 2(j), art. 6243g–4, § 6(f).

5. TEX.REV.CIV. STAT. art. 6243p, § 5.03(d).

6. TEX.REV.CIV. STAT. art. 6243o, § 5.10(i).

7. TEX. CONST. art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceed-

ings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body."); *State v. Morales*, 869 S.W.2d 941, 942 (Tex.1994) ("[T]he jurisdiction of Texas courts—the very authority to decide cases—is conferred solely by the constitution and the statutes of the state.").