IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0587
════════════
 
Houston Municipal Employees Pension 
System,
Petitioner,
 
v.
 
Craig E. Ferrell, Jr., et 
al.,
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the First District of 
Texas
════════════════════════════════════════════════════
 
 
Argued January 23, 
2007
 
 
            
Justice Green delivered the 
opinion of the Court, in which Chief 
Justice Jefferson, Justice Hecht, Justice O’Neill, Justice Wainwright, Justice 
Brister, Justice Medina, and Justice Johnson joined. 
 
            
Justice Brister filed a concurring opinion, in which 
Justice O’Neill joined.
 
            
Justice Willett did not 
participate in the decision.
 
            
This case concerns whether members of the Houston Municipal Employees 
Pension System (HMEPS) may bring a declaratory judgment action to declare their 
rights under the statute that created HMEPS even when, as HMEPS argues, that 
statute provides no right to judicial review of decisions by HMEPS’s pension board. HMEPS sought the dismissal, for want 
of jurisdiction, of an action for injunctive relief and declaratory judgment 
brought by Craig E. Ferrell, Jr. and 29 other plaintiffs (plaintiffs, 
collectively). The trial court issued an interlocutory order denying HMEPS’s jurisdictional plea, and the court of appeals 
affirmed the trial court’s order. 177 S.W.3d 502, 517 
(Tex. App.—Houston [1st Dist.] 2005). HMEPS 
appealed to this Court,[1] contending: (1) the court of appeals 
erred in affirming the trial court’s denial of HMEPS’s 
jurisdictional plea and in analyzing the case under the doctrine of exclusive 
jurisdiction, rather than holding that Article 6243h of the Texas Revised Civil 
Statutes provides no right to judicial review of pension board decisions; and 
(2) Ferrell’s claims are barred by sovereign immunity.[2] On the day Ferrell’s response to HMEPS’s petition for review was due to be filed, Ferrell took a voluntary non-suit without prejudice. 
We hold Ferrell has an absolute right to non-suit his claims, and, because 
Ferrell’s case is now moot, we vacate the court of appeals’ judgment as to 
Ferrell and the trial court’s orders to the extent that they affect Ferrell’s 
claims, and we dismiss Ferrell’s case. We further hold that the 29 plaintiffs 
who joined Ferrell’s action are not entitled to seek a declaratory judgment and 
injunctive relief in this case. We therefore reverse the court of appeals’ 
judgment as to the 29 plaintiffs and dismiss their claims for want of 
jurisdiction.
I. Facts
            
An eleven-member pension board has broad authority to administer, manage, 
and operate HMEPS, which provides retirement benefits to certain employees of 
the City of Houston under Article 6243h of the Texas 
Revised Civil Statutes. The pertinent text of Article 6243h reads:
 
(x) 
The pension board shall manage the pension fund under this Act and under the 
Internal Revenue Code of 1986, as amended, and may:
 
(1) 
adopt, for the administration of the pension fund, 
written rules and guidelines;
 
(2) 
interpret and construe this Act and any summary plan, descriptions, or benefits 
procedures, except that each construction must meet any qualification 
requirements established under Section 401, Internal Revenue Code of 1986, as 
amended;
 
(3) 
correct any defect, supply any omission, and reconcile 
any inconsistency that appears in this Act in a manner and to the extent that 
the pension board considers expedient to administer this Act for the greatest 
benefit of all members;
 
(4) 
determine all questions, whether legal or factual, relating to the eligibility 
for membership, service, or benefits or relating to the administration of the 
pension fund to promote the uniform administration of the pension fund for the 
benefit of all members and retirees; and
 
(5) 
establish and maintain records necessary or appropriate 
for the proper administration of the fund.
 
(y) 
The determination of any fact by the pension board and the pension board’s 
interpretation of this Act are final and binding on any interested party, 
including members, deferred participants, retirees, eligible survivors, 
beneficiaries, and the city.
 
 
Tex. Rev. Civ. Stat. art. 6243h 
§ 2(x)–(y).
            
Ferrell began his law enforcement career as a cadet in the Houston Police Academy and, from 1977 to 1990, served as 
a police officer in the Houston Police Department. During that period, Ferrell 
participated in the Houston Police Officers’ Pension System (HPOPS). In 1990, 
having obtained a law degree, Ferrell went to work for the Legal Services 
Division of the Houston Police Department, where he still works. Because he was 
no longer classified as a police officer, he withdrew his contributions from 
HPOPS and began accruing credit in HMEPS, a separate pension system covering 
employees of the City of Houston. In 1998, HMEPS issued a written 
“Acknowledgment of Statutory Application” which read, in pertinent part:
 
A person 
is not eligible for HMEPS membership for the time period during which the person 
was in a position covered by another pension system to which the City of 
Houston 
contributes (“City pension system”).
 
. . . 
.
 
A person 
cannot receive any credited service in HMEPS for the time during which the 
person was not a member of HMEPS.
 
 
Later that 
year, Ferrell requested that HMEPS award him service credit for the time he 
spent as a police officer. In January 1999, HMEPS Executive Director David Long 
sent Ferrell a letter denying his request and informing him that “a person may 
receive credited service in HMEPS only for time during which the person is a 
member of HMEPS.” 
            
In March 2003, Ferrell sued HMEPS on multiple theories, including breach 
of fiduciary duty, breach of contract, and negligent misrepresentation. Ferrell 
also sought a declaratory judgment that he was entitled to pension benefits in 
HMEPS for each year he worked for the City of Houston, beginning in 1977. HMEPS filed a 
motion to dismiss, or plea to the jurisdiction, seeking to dismiss Ferrell’s 
suit for lack of subject matter jurisdiction on the basis of sovereign immunity. 
Ferrell then amended his petition, dropping all claims except his action for 
declaratory judgment and injunctive relief. In a second amended petition, 
Ferrell expressly eliminated any request for 
money damages but sought an additional declaration that he was entitled to 
service credit in HMEPS for his time in the Houston Police Academy. 
            
Subsequently, in a first supplemental petition, 29 Houston police officers 
joined Ferrell’s action for declaratory judgment and injunctive relief.[3] Specifically, they sought a declaration 
that they were entitled to service credit in HMEPS for the time they spent as 
cadets in the Houston Police Academy, from May 1977 to September 1977, 
and an order directing the board to credit their retirement service accounts 
accordingly. The 29 plaintiffs allege they originally requested such credit from 
the pension board in a March 2003 letter. HMEPS claims to have no record of any 
such letter. Regardless, the record shows that HMEPS became aware of the 29 
plaintiffs’ claims when the plaintiffs joined Ferrell’s action, if not before, 
and the record further indicates the pension board has not yet made a 
determination as to those claims.[4] 
            
In a supplemental motion to dismiss, HMEPS again asserted it was immune 
from suit and contended the actions brought by Ferrell and the 29 additional 
plaintiffs were not ripe because HMEPS had not yet determined whether they were 
entitled to service credit for their time spent in the police academy. HMEPS 
also asserted the trial court lacked subject matter jurisdiction over Ferrell’s 
claim for service credit for the years of his employment as a police officer 
because a declaratory judgment in his favor would entitle him to pension 
benefits exceeding the maximum jurisdictional limit of the trial 
court.
            
The trial court denied HMEPS’s plea to the 
jurisdiction solely on the basis of HMEPS’s assertion 
that it was immune from suit. HMEPS appealed to the court of appeals which, 
holding “the doctrine of exclusive jurisdiction does not apply in the context of 
this action for declaratory judgment,” affirmed the trial court’s denial of 
HMEPS’s plea to the jurisdiction. 177 S.W.3d at 516. HMEPS then timely filed this 
appeal.
II. Analysis
            
“A party may contest a trial court's subject matter jurisdiction by 
filing a plea to the jurisdiction.” Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). 
A “person,” in this case HMEPS, may appeal an interlocutory order that 
grants or denies a plea to the jurisdiction by a governmental unit. Tex. Civ. Prac. & Rem. Code §§ 
51.104(a)(8), 101.001(3)(D); Tex. A&M Univ. Sys. 
v. Koseoglu, 233 S.W.3d 835, 841 (Tex. 2007). We review a 
trial court’s order granting or denying a plea to the jurisdiction de novo. 
Hoff v. Nueces 
County, 153 S.W.3d 45, 48 
(Tex. 
2004). When reviewing such an order, “we consider the facts alleged by 
the plaintiff[s] and, to the extent it is relevant to the jurisdictional issue, 
the evidence submitted by the parties.” Tex. Natural Res. 
Conservation Comm’n v. White, 46 S.W.3d 864, 868 
(Tex. 
2001). 
            
In the court of appeals, HMEPS argued it had sovereign immunity from 
Ferrell’s claims and the claims of the additional 29 plaintiffs. 177 S.W.3d at 508–09. However, HMEPS no longer asserts 
immunity with respect to the 29 plaintiffs. Rather, HMEPS asserts sovereign 
immunity only with respect to Ferrell’s claims, arguing he has not pleaded a 
valid claim for declaratory relief. Ferrell, HMEPS contends, merely recharacterized his suit for monetary damages as a 
declaratory judgment action.[5] See Tex. Natural Resource Conservation 
Comm’n v. IT-Davy, 74 S.W.3d 849, 856 (Tex. 2002) (holding that 
a plaintiff “cannot circumvent the State’s sovereign immunity from suit by 
characterizing a suit for money damages, such as a contract dispute, as a 
declaratory-judgment claim”). 
A. Ferrell’s Non-suit
            
Ferrell’s non-suit, if we accept it, nullifies HMEPS’s contention that Ferrell has failed to plead a valid 
claim for declaratory relief. HMEPS argues we need not accept Ferrell’s 
non-suit.[6] For support, HMEPS points to Singleton 
v. Pennington. 568 S.W.2d 382, 383–84 (Tex. Civ. 
App.—Dallas 1978), rev’d on other 
grounds, 606 S.W.2d 682 (Tex. 1980). In Singleton, the plaintiff 
sought a non-suit after the court of appeals issued an opinion in the 
plaintiff’s favor and the defendant filed a motion for rehearing. Id. 
at 382–83. The court of appeals “had already reached a decision on 
the motion for rehearing and had completed the first draft of an opinion on that 
motion.” Id. at 
383. As the court of appeals explained, dismissal of the cause at that 
stage of the proceedings would have left the court of appeals’ original opinion 
outstanding without any indication of whether the court of appeals’ views had 
changed. Id. at 
383–84. In this case, because we take jurisdiction over the claims of the 
29 plaintiffs who joined Ferrell’s action for declaratory judgment, permitting 
Ferrell’s non-suit does not change the fact that the court of appeals’ opinion 
rightly survives. Under our decision in 
University of Texas Medical Branch at Galveston v. Estate of Blackmon, 
195 S.W.3d 98, 100 (Tex. 2006), Ferrell has an absolute right to 
take a non-suit in this Court because he took it before he presented all his 
evidence and rested his case in chief. See Tex. R. Civ. P. 162 (“At any time 
before the plaintiff has introduced all his evidence other than rebuttal 
evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be 
entered in the minutes.”). As such, we accept Ferrell’s non-suit, noting that it 
moots his case, not merely his appeal. See Tex. R. App. P. 56.2, 60.2(e); 
Arizonans for Official English v. Arizona, 520 U.S. 43, 71–72 (1997); 
Houston Cable TV, Inc. v. Inwood W. Civic Ass’n, 860 S.W.2d 72, 73 (Tex. 1993). Accordingly, we 
vacate the court of appeals’ judgment as to Ferrell and the trial court’s orders 
to the extent that they affect Ferrell’s claims, and we dismiss Ferrell’s case. 
We therefore need only consider HMEPS’s appeal as it 
concerns the claims of the additional 29 plaintiffs.
B. Right to Appeal Pension Board Determinations
            
The court of appeals analyzed Article 6243h and HMEPS’s appeal under the doctrine of exclusive jurisdiction. 
177 S.W.3d at 512. When the Legislature grants an 
administrative agency sole authority to make an initial determination in a 
matter, the agency has exclusive jurisdiction over the matter. Subaru of Am., Inc. v. David McDavid 
Nissan, Inc., 84 S.W.3d 212, 221 (Tex. 2002). The doctrine of 
exclusive jurisdiction concerns a trial court’s original jurisdiction and is 
relevant when the plaintiff has not exhausted his administrative remedies. 
Id. (“[I]f an agency has exclusive jurisdiction, a party must exhaust all 
administrative remedies before seeking judicial review of the agency’s 
action.”); see also In re Entergy Corp., 142 S.W.3d 316, 321 (Tex. 2004) 
(“An agency has exclusive jurisdiction when the Legislature has granted that 
agency the sole authority to make an initial determination in a dispute.”). 
Only after exhaustion has occurred may a plaintiff seek judicial review of 
the administrative decision, and then he may do so “only at the time and in the 
manner designated by statute.” Cash Am. Int’l, Inc. v. 
Bennett, 35 S.W.3d 12, 15 (Tex. 2000). 
            
In this case, the 29 plaintiffs claim to have exhausted all of their 
administrative remedies. HMEPS contested the 29 plaintiffs’ claim of exhaustion 
in the trial court but does not oppose their claim of exhaustion on appeal to 
this Court. The record is unclear as to whether exhaustion in fact occurred.[7] But it is important to note that whether 
the 29 plaintiffs exhausted their administrative remedies is of no consequence 
in this case if, as HMEPS argues, Article 6243h expressly denies pension members 
a right to judicial review of the pension board’s determinations, or is silent 
as to that question. There is no right to judicial review of an administrative 
order unless a statute explicitly provides that right or the order violates a 
constitutional right. Gen. Servs. Comm’n v. Little-Tex Insulation Co., 39 S.W.3d 591, 599 
(Tex. 2001); 
Cont’l Cas. Ins. Co. v. Functional 
Restoration Assocs., 19 S.W.3d 393, 397 (Tex. 2000); Firemen’s & Policemen’s Civil Serv. Comm’n v. Kennedy, 514 
S.W.2d 237, 239–40 (Tex. 1974); City of 
Amarillo v. Hancock, 239 S.W.2d 788, 790–92 (Tex. 1951). Accordingly, when an act is 
either silent on the question of appeal or expressly denies a right to appeal, a 
party may appeal only “where the administrative action complained of violates a constitutional provision.” 
Hancock, 239 S.W.2d at 790. Where, as 
here, no constitutional violation is at issue and the question is merely whether the Legislature has 
specifically provided for judicial review, courts look to the plain meaning of 
the statutory text to determine the Legislature’s intent. See Cont’l Cas., 19 S.W.3d at 398 (“Our objective in construing a 
statute is to determine and give effect to the Legislature’s intent. In 
so doing, we look first to the plain and common meaning of the statute’s words.” 
(citation omitted)). 
            
Article 6243h provides that “[t]he determination of any fact by 
the pension board and the pension board’s interpretation of this Act are final 
and binding on any interested party.” Tex. Rev. Civ. Stat. art. 6243h § 
2(y). The words “final and binding,” when used to describe an 
administrative decision, preclude judicial review. See, e.g., City of 
Houston v. Jackson, 192 S.W.3d 764, 771 (Tex. 2006) (holding that the words 
“final and binding” in section 143.057(c) of the Texas Local Government Code 
mean any review of an independent hearing examiner’s decision through an appeal 
to the district court must be “severely circumscribed”). The 29 plaintiffs argue 
that they seek an interpretation of Article 6243h for the narrow purpose of 
declaring whether the statute authorizes a trial court to review the pension 
board’s action. If indeed the plaintiffs seek only an 
declaration of whether a trial court can review the pension board’s decisions, 
then the trial court would have jurisdiction to interpret the statute and make 
such a declaration. See Camacho v. Samaniego, 
831 S.W.2d 804, 809 (Tex. 1992). Courts always have jurisdiction to 
determine their own jurisdiction. Id. But 
Article 6243h does not give the trial court jurisdiction to review any 
pension board decision regarding the 29 plaintiffs’ request for retirement 
service credit.[8] 
            
As HMEPS argues and the 29 plaintiffs’ petition indicates, the 
plaintiffs’ lawsuit did not merely seek a declaratory judgment announcing 
whether Article 6243h gives jurisdiction to the trial court to review a pension 
board decision. The petition seeks “declaratory relief that establishes . . . 
entitlement to Pension Benefits,” asking the trial court to hold that the 
statute requires the pension board to credit each plaintiff’s retirement account 
with time served while in the police academy, and that the pension board was 
violating the law by refusing to grant such credit. The 29 plaintiffs further 
requested that the trial court issue an injunction directing the pension board 
to comply with the trial court’s interpretation of Article 6243h and credit each 
plaintiff’s retirement account appropriately. Such relief, whether labeled a 
declaratory judgment or review of a pension board decision, exceeds the power of 
the trial court as limited by the “final and binding” language of Article 6243h. 
Because the Legislature has not authorized the trial court to grant the relief 
sought, the trial court lacks jurisdiction over the case. See Metro. Transit 
Auth. v. Jackson, 212 S.W.3d 797, 801 (Tex. App.—Houston [1st Dist.] 2006, 
pet. denied) (“Jurisdiction is the power to adjudicate, that is, to grant or 
deny relief.”); Elbar, Inc. v. Claussen 774 S.W.2d 45, 53 (Tex. App.—Dallas 1989, writ 
dism’d) (“The test of jurisdiction is whether a court 
ha[s] the power to enter upon an inquiry . . . .”); see also Mason v. Heirs 
of Russell, 1 Tex. 721, 728 (1846) (“Upon principle, it would seem that the 
operation of every judgment must depend on the power of the court to render that 
judgment; or in other words, on its jurisdiction over the subject matter, which 
it has determined.”) Thus the trial court should have granted HMEPS’s plea to the jurisdiction.
III. Conclusion
            
The trial court erred in denying HMEPS’s plea 
to the jurisdiction. Because we accept Ferrell’s non-suit, we vacate the court 
of appeals’ judgment as to Ferrell and the trial court’s orders to the extent 
they affect Ferrell’s claims. With respect to the remaining plaintiffs, we 
reverse the court of appeals’ judgment and, rendering the judgment the court of 
appeals should have rendered, dismiss for want of jurisdiction the 29 
plaintiffs’ action for declaratory judgment and injunctive relief.
 
            
______________________________
            
PAUL W. GREEN
            
JUSTICE
 
 
OPINION DELIVERED: November 30, 
2007









[1] 
The Texas Association of Public Employee Retirement Systems, the Houston Police 
Officers’ Pension System, and the City of Dallas filed briefs of amicus curiae in support 
of HMEPS’s appeal.

[2] 
The trial court, court of appeals, and parties have all referred to sovereign 
immunity rather than governmental immunity. See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Property/Casualty 
Joint Self-Insurance Fund, 212 S.W.3d 320, 324 (Tex. 2006) 
(distinguishing sovereign immunity, which “extends to various divisions of state 
government, including agencies, boards, hospitals, and universities,” from 
governmental immunity, which “protects political subdivisions of the State, 
including counties, cities, and school districts” (citations omitted)). Though 
HMEPS’s defense may be correctly characterized as 
governmental immunity, that issue is not before us, and we need not address it 
here.

[3] 
The 29 plaintiffs are: Al Pena, B.L. Chebret, Brad 
Piel, Bubba Caldwell, C. Newman, Cole Lester, G.L. 
Blankenship, Gary Gryder, George Shaw, Harold Barthe, J.J. Berry, J.M. Demartin, 
Jeff Larson, Joe Pyland, John Miller, John Walsh, John 
Yencha, M. Donato, M.R. 
Clark, Matt Calley, Patricia Murray, R.D. Mosley, R.L. 
Martin, Robert Sondoval, Rodney Johnson, Shawn Palin, T.J. Carr, Tom Hayes, and Warren Givens.

[4] 
HMEPS argues the plaintiffs failed to follow HMEPS’s 
established procedures for seeking the pension board’s review of their claims 
for service credit. The plaintiffs dispute HMEPS’s 
assertion. HMEPS acknowledged and responded to the plaintiffs’ claims as early 
as October 9, 2003, when HMEPS Executive Director David Long sent the 
plaintiffs’ counsel a letter stating: 
 
Because it appears that Mr. Ferrell’s claim regarding 
the May 23, 1977 to September 9, 1977 period of time is similar to the claims of 
the 29 other individuals you represent in the lawsuit, HMEPS will provide a 
response to all of those claims at the same time. In the meantime, we are still 
reviewing the claims.
 
In another letter to the plaintiffs’ counsel, dated 
December 8, 2003, Mr. Long wrote, “It appears that you are requesting that HMEPS 
respond to the claims of the 29 individuals listed on the petition in addition 
to Mr. Ferrell.” The letter went on to request additional information as to some 
of the “29 individuals,” which the plaintiffs’ counsel responded to in a 
December 29, 2003 letter. In the December 29 letter, plaintiffs’ counsel 
requested information regarding HMEPS’s internal 
procedure for deciding claims as well as any information regarding HMEPS’s timetable for deciding the plaintiffs’ claims. The 
record is unclear as to whether HMEPS made the relevant information available to 
the plaintiffs or otherwise adequately disseminated the information, but it is 
clear that HMEPS has, as of this date, neither affirmatively granted nor denied 
the 29 plaintiffs’ claims for service credit. However, the 29 plaintiffs argue 
that under HMEPS’s review policy, claims to the 
pension board that do not receive action should be considered denied after 60 
days. So in this case HMEPS’s inaction may operate as 
a denial of the 29 plaintiffs’ claims, but we need not decide that 
issue.

[5] 
While HMEPS does not contend that the 29 plaintiffs’ claims are in reality 
claims for monetary damages, HPOPS does advance such an argument in their brief 
of amicus curiae. The plaintiffs, they argue, in reality seek to impose 
liability on the state for damages because they request declaratory relief 
establishing entitlement to pension benefits in the HMEPS retirement system. We 
need not and do not address that issue. 

[6] 
HMEPS also does not oppose the non-suit so long as the core issue, whether 
Article 6243h provides a right to judicial review of the pension board’s 
determinations, remains viable. Because we take jurisdiction over the claims of 
the additional 29 plaintiffs, that issue remains before us.

[7] 
See supra note 3.

[8] 
Though the 29 plaintiffs argue that the pension board has failed to issue any 
order at all regarding their claim for retirement credit, and thus there could 
not be a decision for the trial court to review, they also claim to have 
exhausted all of their administrative remedies, which necessarily entails 
obtaining a final decision from the pension board. See supra note 
3.