NO. 07-10-0360-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL D
 
 JANUARY 26, 2011
 
 ______________________________
 
 
 TEXAS ALC PARTNERS II, L.P. D/B/A POTTER HOUSE, APPELLANT
 
 V.
 
 TERESA STARK, AS NEXT FRIEND OF FRED A. GRABEAL, APPELLEE
 
 
 _________________________________
 
 FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;
 
 NO. 98,015-A; HONORABLE DAN SCHAAP, JUDGE
 
 _______________________________
 
Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 MEMORANDUM OPINION
 Appellant, Texas ALC Partners II, L.P. d/b/a Potter House (Texas ALC Partners), filed this interlocutory appeal from an order denying its motion to dismiss with prejudice, the claims of Appellee, Teresa Stark, as Next Friend of Fred Grabeal, for failing to file an expert report pursuant to section 74.351 of the Texas Civil Practice and Remedies Code. We conclude this appeal is moot and remand the cause to the trial court.
 Background
 Grabeal was diagnosed with Alzheimer's disease in the Spring of 2004 and became a patient at Potter House, an assisted living community, in May 2007. Potter House is not a lock down facility, i.e., the residents are not confined to their living quarters by locked doors and the doors to the outdoors are not locked so as to prevent the residents from leaving the premises. On October 13, 2009, Stark, Grabeal's stepdaughter, filed suit on Grabeal's behalf against "Potter House, Assisted Living Concepts, Inc." (Assisted Living Concepts) alleging negligence, premises liability, and breach of contract claims for injuries sustained when Grabeal, a resident, wandered off the premises on May 17 and 18, 2009. Grabeal was later found by Amarillo Police Department officers. On November 6, 2009, Assisted Living Concepts filed its original answer, verified denial, and affirmative defenses, alleging among other things, that it was not liable in the capacity sued because it neither owned nor did business as Potter House. 
 On February 22, 2010, Assisted Living Concepts filed a Motion to Dismiss for Failure to Serve Expert Report. On May 21, 2010, the trial court entered its Order dismissing, with prejudice, Stark's health care liability claims, but denying that portion of Assisted Living Concepts's motion to dismiss on the premises liability and breach of contract claims. 
Assisted Living Concepts filed an interlocutory appeal challenging the trial court's order on the motion to dismiss. This Court disposed of the appeal on November 23, 2010. However, while that appeal was pending in this Court, Stark filed an amended petition in the trial court on June 4, 2010, adding Texas ALC Partners as a defendant. Texas ALC Partners filed a motion to dismiss with prejudice again alleging Stark had failed to file an expert report as required by section 74.351(a) of the Code. Texas ALC Partners also alleged that adding a new defendant did not entitle Stark to a new 120 day deadline in which to file an expert report.
Relying on this Court's opinion in Daybreak Community Services v. Cartrite, 320 S.W.3d 865 (Tex.App.--Amarillo 2010, no pet.) Stark responded to the motion to dismiss and argued that the first-filed petition naming Texas ALC Partners triggered the 120 day deadline for filing an expert report as to that defendant. On August 26, 2010, the trial court denied the motion to dismiss filed by Texas ALC Partners and this interlocutory appeal followed.
Just prior to scheduled oral arguments in this appeal, it came to this Court's attention that Stark filed a non-suit in underlying trial court cause number 98,015-A. A supplemental clerk's record has since been filed confirming that non-suit. 
A plaintiff has an absolute right to take a non-suit at any time before the plaintiff has introduced all of his evidence other than rebuttal evidence. See Tex. R. Civ. P. 162. See also Houston Mun. Employees Pension Sys. v. Ferrell, 248 S.W.3d 151, 157 (Tex. 2007). A non-suit moots not only the underlying case, but also the appeal of that case. Ferrell, 248 S.W.3d at 157. Consequently, we need not address the propriety of the trial court's order denying the motion to dismiss of Texas ALC Partners.
 Conclusion
 Accordingly, the non-suit filed by Teresa Stark, as Next Friend of Fred A. Grabeal, in trial court cause number 98,015-A, renders this appeal moot. However, the interlocutory posture of this case requires that we remand the cause to the trial court with instructions to determine whether any claims remain and if not, to render a final judgment.

 Patrick A. Pirtle 
 Justice