**AFFIRM and Opinion Filed November 24, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01179-CV

### IN THE INTEREST OF J.L.H.

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 93-2714-Y**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Schenck

John Lee Huffer ("Father") appeals the trial court's judgment awarding child-support arrearage and attorney's fees to his former wife and the mother of J.L.H., Frances Reese ("Mother"). We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND FACTS

Mother and Father divorced on June 25, 1993. At the time of their divorce, Mother and Father had one child J.L.H. who was born on December 17, 1982. The divorce decree ordered Father to pay $250 per month in child support until the end of the school year in which J.L.H. turned 18 years old. Father never paid any child support.

In 2012, Mother initiated child-support-enforcement proceedings with a Notice of Application for Judicial Writ. Father filed a motion to stay issuance and delivery of judicial writ of withholding. The associate judge conducted a hearing, which was not recorded, and entered

an order awarding child-support arrearage in favor of Mother, awarding attorney's fees and costs to Mother, and denying all relief requested by Father. Father filed a request for a de novo hearing with the district judge. Additionally, Father filed a plea to the jurisdiction and in the alternative a no-evidence motion for summary judgment.

The trial court conducted a de novo review hearing at which the trial court considered and denied Father's plea to the jurisdiction and then proceeded to conduct a bench trial on the merits at which the parties stipulated to the amount of arrearage and documents supporting the stipulated amount were admitted.[1] That same day, the trial court issued an order granting child-support arrearage and attorney's fees to Mother and denying all relief requested by Father.[2]

## DISCUSSION

Father argues that a parent no longer has any duty to a child once that child becomes an adult and that the right of the custodial parent to collect the ordered child support terminates at that same time. He avers that the only person who would have standing to recover unpaid child support at this point would be J.L.H. Father admits section 151.001(c) of the Texas Family Code provides a parent who fails to support his child is liable to the person who provides necessaries to the child to whom support is owed, but insists that if Mother were to seek a remedy under that statute, she would be making a claim for an ordinary debt subject to the statutory four-year statute of limitations under the Texas Civil Practice and Remedies Code, as well as common-law defenses of laches and estoppel. TEX. FAM. CODE ANN. § 151.001(c) (West 2014); TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (West 2014).

---

[1] We note that Father filed a motion to refund the amounts withheld under the associate judge's order. However, at the trial court, Father conceded such relief as sought by his motion would only be available if the trial court granted his plea to the jurisdiction.

[2] The trial court did not rule on Father's motion for summary judgment, but proceeded with a bench trial on the merits and later issued an order on arrears, which we construe to be a final judgment disposing of all parties and all issues made by pleadings between parties before the court.

Mother responds that no authority supports Father's arguments and insists she retains standing regardless of the child's age. Additionally, she argues section 151.001 is irrelevant because, in addition to a duty to pay child support, Father has a specific, court-ordered obligation under the divorce decree to pay child support to Mother.

Standing, as a component of subject-matter jurisdiction, may be raised at any time. *W. Orange-Cove Consol. I.S.D. v. Alanis*, 107 S.W.3d 558, 583 (Tex. 2003). A party may contest a trial court's subject-matter jurisdiction by filing a plea to the jurisdiction. *Hous. Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007). We review a trial court's order granting or denying a plea to the jurisdiction de novo. *Id.* When reviewing such an order, we consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties. *Id.*

To establish standing, a plaintiff's alleged injury must be (1) concrete and particularized, actual or imminent, not hypothetical; (2) fairly traceable to the defendant's conduct; and (3) likely to be redressed by the requested relief. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 155 (Tex. 2012). The record contains a copy of the divorce decree ordering Father to pay Mother $250 per month in child support. Father admits he did not pay the court-ordered child support. The Texas Family Code provides that a child-support payment not timely made constitutes a final judgment for the amount due and owing, including interest. TEX. FAM. CODE ANN. § 157.261 (West 2014). Thus, Father owes a final judgment for the amount due and owing to Mother. *Id.* at § 157.261. Father does not cite to us, and we have not found, any authority to support his argument that Mother lost her standing to recover on her judgment against Father due to the age of J.L.H. We conclude Mother had standing. *Heckman*, 369 S.W.3d at 155.

We next address Father's argument that Mother was making a claim for an ordinary debt subject to the statutory limit of four years and common-law defenses of laches and estoppel.

–3–

Such an argument ignores (1) the fact that Father's child-support obligations were set forth in the divorce decree and (2) the effect of section 157.261 of the Texas Family Code, which provides that an untimely child-support payment constitutes a final judgment for the amount due and owing, including interest. TEX. FAM. CODE ANN. § 157.261. Therefore, we conclude Father's arguments and authorities are inapposite. Based on the foregoing, we decide against Father.

## CONCLUSION

We affirm the trial court's judgment.

141179F.P05

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF J.L.H.

No. 05-14-01179-CV

On Appeal from the 330th Judicial District Court, Dallas County, Texas
Trial Court Cause No. 93-2714-Y.
Opinion delivered by Justice Schenck, Justices Lang-Miers and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee FRANCES REESE  recover her costs of this appeal from appellant JOHN LEE HUFFER.

Judgment entered this 24th day of November, 2015.