NO. 07-10-0360-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 26, 2011

_____

TEXAS ALC PARTNERS II, L.P. D/B/A POTTER HOUSE, APPELLANT

V.

TERESA STARK, AS NEXT FRIEND OF FRED A. GRABEAL, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 98,015-A; HONORABLE DAN SCHAAP, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Texas ALC Partners II, L.P. d/b/a Potter House (Texas ALC Partners),

filed this interlocutory appeal from an order denying its motion to dismiss with prejudice,

the claims of Appellee, Teresa Stark, as Next Friend of Fred Grabeal, for failing to file

an expert report pursuant to section 74.351 of the Texas Civil Practice and Remedies Code.[1]  We conclude this appeal is moot and remand the cause to the trial court.

## Background

Grabeal was diagnosed with Alzheimer's disease in the Spring of 2004 and became a patient at Potter House, an assisted living community, in May 2007.  Potter House is not a lock down facility, i.e., the residents are not confined to their living quarters by locked doors and the doors to the outdoors are not locked so as to prevent the residents from leaving the premises.  On October 13, 2009, Stark, Grabeal's stepdaughter, filed suit on Grabeal's behalf against "Potter House, Assisted Living Concepts, Inc." (Assisted Living Concepts) alleging negligence, premises liability, and breach of contract claims for injuries sustained when Grabeal, a resident, wandered off the premises on May 17 and 18, 2009.  Grabeal was later found by Amarillo Police Department officers.  On November 6, 2009, Assisted Living Concepts filed its original answer, verified denial, and affirmative defenses, alleging among other things, that it was not liable in the capacity sued because it neither owned nor did business as Potter House.

On February 22, 2010, Assisted Living Concepts filed a Motion to Dismiss for Failure to Serve Expert Report.  On May 21, 2010, the trial court entered its Order

---

[1]Under chapter 74 of the Texas Civil Practice and Remedies Code, a health care liability claimant must serve an expert report on a defendant physician or health care provider within 120 days after the date the original petition was filed.  Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West Supp. 2010).  If such a report is not served, a defendant physician or health care provider may file a motion to dismiss the claim with prejudice to its refiling.  *Id.* at § 74.351(b)(2).  If the trial court's order on the motion to dismiss "denies all or part of the relief sought by the motion," the movant may file an interlocutory appeal of the trial court's order*. Id.* at § 51.014(a)(9).  For convenience, future citations to the provisions of the Texas Civil Practice and Remedies Code throughout the remainder of this opinion will be simply as "section ____" or "§ ____."

dismissing, with prejudice, Stark's health care liability claims, but denying that portion of Assisted Living Concepts's motion to dismiss on the premises liability and breach of contract claims.

Assisted Living Concepts filed an interlocutory appeal challenging the trial court's order on the motion to dismiss. This Court disposed of the appeal on November 23, 2010.[2] However, while that appeal was pending in this Court, Stark filed an amended petition in the trial court on June 4, 2010, adding Texas ALC Partners as a defendant. Texas ALC Partners filed a motion to dismiss with prejudice again alleging Stark had failed to file an expert report as required by section 74.351(a) of the Code. Texas ALC Partners also alleged that adding a new defendant did not entitle Stark to a new 120 day deadline in which to file an expert report.

Relying on this Court's opinion in Daybreak Community Services v. Cartrite, 320 S.W.3d 865 (Tex.App.--Amarillo 2010, no pet.) Stark responded to the motion to dismiss and argued that the first-filed petition naming Texas ALC Partners triggered the 120 day deadline for filing an expert report as to that defendant. On August 26, 2010, the trial court denied the motion to dismiss filed by Texas ALC Partners and this interlocutory appeal followed.

Just prior to scheduled oral arguments in this appeal, it came to this Court's attention that Stark filed a non-suit in underlying trial court cause number 98,015-A. A supplemental clerk's record has since been filed confirming that non-suit.

---

[2]In Assisted Living Concepts, Inc. v. Teresa Stark, as Next Friend of Fred Grabeal, No. 07-10-00228-CV, 2010 Tex. App. LEXIS 9326 (Tex.App.--Amarillo Nov. 23, 2010, no pet.) (mem. op.), this Court found that Stark's claims required expert testimony and held the trial court correctly dismissed Stark's health care liability claims, but reversed that portion of the order as to Stark's remaining claims and rendered judgment dismissing, with prejudice, all claims against Assisted Living Concepts.

A plaintiff has an absolute right to take a non-suit at any time before the plaintiff has introduced all of his evidence other than rebuttal evidence. S*ee* Tex. R. Civ. P. 162. *See also Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 157 (Tex. 2007). A non-suit moots not only the underlying case, but also the appeal of that case. *Ferrell*, 248 S.W.3d at 157. Consequently, we need not address the propriety of the trial court's order denying the motion to dismiss of Texas ALC Partners.

## Conclusion

Accordingly, the non-suit filed by Teresa Stark, as Next Friend of Fred A. Grabeal, in trial court cause number 98,015-A, renders this appeal moot. However, the interlocutory posture of this case requires that we remand the cause to the trial court with instructions to determine whether any claims remain and if not, to render a final judgment.

Patrick A. Pirtle
Justice