NO. 07-10-0360-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 

JANUARY 26, 2011

 

______________________________

 

 

TEXAS ALC PARTNERS II, L.P. D/B/A POTTER HOUSE,
APPELLANT

 

V.

 

TERESA STARK, AS NEXT FRIEND OF FRED A. GRABEAL,
APPELLEE

 

 

_________________________________

 

FROM THE 47TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 98,015-A; HONORABLE DAN SCHAAP, JUDGE

 

_______________________________

 

Before QUINN, C.J.,
and CAMPBELL and PIRTLE, JJ.

 

MEMORANDUM OPINION

            Appellant, Texas ALC Partners II, L.P. d/b/a
Potter House (Texas ALC Partners), filed this interlocutory appeal from an
order denying its motion to dismiss with prejudice, the claims of Appellee,
Teresa Stark, as Next Friend of Fred Grabeal, for
failing to file an expert report pursuant to section 74.351 of the Texas Civil
Practice and Remedies Code.[1]  We conclude this appeal is moot and remand
the cause to the trial court.

Background

            Grabeal was diagnosed with Alzheimer's disease in the Spring of 2004 and became a patient at Potter House, an
assisted living community, in May 2007.  Potter
House is not a lock down facility, i.e., the residents are not confined to
their living quarters by locked doors and the doors to the outdoors are not
locked so as to prevent the residents from leaving the premises.  On October 13, 2009, Stark, Grabeal's stepdaughter, filed suit on Grabeal's
behalf against "Potter House, Assisted Living Concepts, Inc." (Assisted
Living Concepts) alleging negligence, premises liability, and breach of
contract claims for injuries sustained when Grabeal, a
resident, wandered off the premises on May 17 and 18, 2009.  Grabeal was later
found by Amarillo Police Department officers. 
On November 6, 2009, Assisted Living Concepts filed its original answer,
verified denial, and affirmative defenses, alleging among other things, that it
was not liable in the capacity sued because it neither owned nor did business
as Potter House. 

            On February 22, 2010, Assisted
Living Concepts filed a Motion to Dismiss for Failure to Serve Expert
Report.  On May 21, 2010, the trial court
entered its Order dismissing, with prejudice, Stark's health care liability
claims, but denying that portion of Assisted Living Concepts's
motion to dismiss on the premises liability and breach of contract claims.  

Assisted Living Concepts filed an interlocutory
appeal challenging the trial court's order on the motion to dismiss.  This Court disposed of the appeal on November
23, 2010.[2]
 However, while that appeal was pending
in this Court, Stark filed an amended petition in the trial court on June 4,
2010, adding Texas ALC Partners as a defendant. 
Texas ALC Partners filed a motion to dismiss with prejudice again alleging
Stark had failed to file an expert report as required by section 74.351(a) of
the Code.  Texas ALC Partners also alleged
that adding a new defendant did not entitle Stark to a new 120 day deadline in
which to file an expert report.

Relying on this Court's opinion in Daybreak
Community Services v. Cartrite, 320 S.W.3d 865 (Tex.App.--Amarillo 2010, no
pet.)  Stark responded to the motion to
dismiss and argued that the first-filed petition naming Texas ALC Partners
triggered the 120 day deadline for filing an expert report as to that defendant.  On August 26, 2010, the trial court denied
the motion to dismiss filed by Texas ALC Partners and this interlocutory appeal
followed.

Just prior to scheduled oral arguments in this
appeal, it came to this Court's attention that Stark filed a non-suit in underlying
trial court cause number 98,015-A.  A
supplemental clerk's record has since been filed confirming that non-suit.  

A plaintiff has an absolute right to take a
non-suit at any time before the plaintiff has introduced all of his evidence
other than rebuttal evidence.  See Tex. R. Civ. P. 162.  See also
Houston Mun. Employees Pension Sys.
v. Ferrell, 248 S.W.3d 151, 157 (Tex. 2007).  A non-suit moots not only the underlying
case, but also the appeal of that case.  Ferrell, 248 S.W.3d at
157.  Consequently, we need not
address the propriety of the trial court's order denying the motion to dismiss
of Texas ALC Partners.

Conclusion

            Accordingly,
the non-suit filed by Teresa Stark, as Next Friend of Fred A. Grabeal, in trial court cause number 98,015-A, renders this
appeal moot.  However, the interlocutory
posture of this case requires that we remand the cause to the trial court with
instructions to determine whether any claims remain and if not, to render a
final judgment.

 

                                                                                    Patrick
A. Pirtle                     

                                                                                          Justice

 

 











[1]Under
chapter 74 of the Texas Civil Practice and Remedies Code, a health care
liability claimant must serve an expert report on a defendant physician or
health care provider within 120 days after the date the original petition was
filed.  Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(a) (West Supp. 2010).  If such a report is not served, a defendant
physician or health care provider may file a motion to dismiss the claim with
prejudice to its refiling.  Id.
at § 74.351(b)(2). 
If the trial court's order on the motion to dismiss "denies all or
part of the relief sought by the motion," the movant may file an interlocutory
appeal of the trial court's order.  Id. at § 51.014(a)(9).  For convenience, future citations to the
provisions of the Texas Civil Practice and Remedies Code throughout the
remainder of this opinion will be simply as "section ____" or "§
____." 

 





[2]In
Assisted Living Concepts, Inc. v. Teresa Stark, as Next Friend of Fred Grabeal, No. 07-10-00228-CV, 2010 Tex. App. LEXIS 9326
(Tex.App.--Amarillo Nov. 23, 2010, no pet.) (mem.
op.), this Court found that Stark's claims required expert testimony and held
the trial court correctly dismissed Stark's health care liability claims, but
reversed that portion of the order as to Stark's remaining claims and rendered
judgment dismissing, with prejudice, all claims against Assisted Living
Concepts.