ACCEPTED
01-13-01061-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/17/2015 5:47:11 PM
CHRISTOPHER PRINE
CLERK

**Cause No. 01-13-01061-CV**

**IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/17/2015 5:47:11 PM
CHRISTOPHER A. PRINE
Clerk

JACK NUSZEN,

**Plaintiff-Appellee,**

**v.**

MIRIAM BLANK,

**Defendant-Appellant.**

**On Appeal from the 246th Judicial District Court of
Harris County, Texas
Cause No. 2008-51454**

# APPELLANT'S EMERGENCY MOTION FOR STAY PENDING APPEAL AND PLEA TO JURISDICTION

**WANIES-GUIRGIS, PLLC**
Christina Wanies-Guirgis
Texas Bar No. 24084772
9555 W. Sam Houston Pkwy S., Suite130
Houston, Texas 77099
Telephone (832) 582-8331
Facsimile (832) 379-7490
ChristinaW@WaniesGuirgisPLLC.com

1

**IDENTITIES OF THE PARTIES AND COUNSEL**

Appellant certifies that the following is a complete list of parties, attorneys,

and any other person who has any interest in the outcome of this lawsuit:

Appellant:
Miriam Blank
c/o Mrs. Christina Wanies-Guirgis
9555 W. Sam Houston Pkwy S., Ste. 130
Houston, Texas 77099

Appellate Counsel:
Christina Wanies-Guirgis
9555 W. Sam Houston Pkwy S., Ste. 130
Houston, Texas 77099
Telephone: (832) 582-8331
Facsimile: (832) 582-8331

Appellee:
Jack Nuszen
c/o Ricardo Ramos
440 Louisiana, Ste. 1450
Houston, Texas 77002
Telephone: (713) 227-7383
Facsimile: (713) 227-0104

Attorney for Appellee on Appeal:
Ricardo Ramos
440 Louisiana, Ste. 1450
Houston, Texas 77002
Telephone: (713) 227-7383
Facsimile: (713) 227-0104

Attorney for Appellee at Trial Level:
Golda Jacob

440 Louisiana, Ste. 1450
Houston, Texas 77002
Telephone: (713) 227-7383
Facsimile: (713) 227-0104
Honorable Charley Prine
Trial Court Judge
Judge Presiding, 246th Judicial District
201 Caroline
Houston, Texas 77002
Telephone: (713) 274-4500

This motion is brought by Miriam Blank, Appellant, who shows in support:

## I.    INTRODUCTION

In connection with Appellant's appeal currently pending in this Court, Appellant moves this Court to stay the district court proceedings pending appeal. The Supreme Court has recognized that the filing of an appeal automatically divests the district court of jurisdiction over those aspects of the case involved in the appeal. *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 821 (1989).

If Appellant is forced to incur the expense of litigation before her appeal is decided upon, the appeal will be moot. Appellant's appeal (i) raises serious legal – procedural and substantive due process – issues, (ii) Appellant will be irreparably harmed without a stay of this proceeding pending an appeal, (iii) Appellee will not be substantially harmed by the granting of a stay, and (iv) the public interest in conserving judicial resources weigh in favor of granting the stay.

## II.    FACTUAL BACKGROUND

1.    On July 18, 2014, Appellant filed with the Court of Appeals an appeal from an order granted by the 246th Judicial District Court of Harris County, Texas.

2. On or about January 2015, Appellee, Jack Nuszen, filed a Petition to Modify the Parent-Child Relationship with the 246th Judicial Court, and successfully obtained a Temporary Restraining Order (TRO) against the Appellant claiming emotional abuse without any details into these claims.

3. On or about March 12, 2015, a hearing before Judge Charley Prine occurred, extending the TRO, although the Appellant was never served or given proper notice. Appellant found out after the hearing had occurred. On the docket, there is an alternative service dated March 7, 2015 for the hearing scheduled on March 12, 2015[1], which is only five days before the ten day mandatory notice requirement.

4. The Appellant was working out of town at this time and was never informed or served. The ex-parte TRO was not supported or predicated by any verified pleadings and/or supporting affidavits on file with the court. Without any notice, the court issued a writ of attachment for the children based on a motion filed by Appellee's attorney asserting without elaboration that the children were being illegally restrained by the Appellant. At the time of Judge Charley Prine's ruling, there was no evidence that all the children were being restrained illegally. In fact, the Appellee had not exercised his visitation and/or custody of the older children since 2010, when they were hospitalized for abuse by the Appellee.

---

[1] *See* Exhibit A: Screenshot of the Harris County District Clerk Online Docket.

5.     On or about March 31, 2015, Appellant's oldest, adult child, who was a subject of the order on appeal, filed with the United States Federal Court in and for the Southern District of Texas, two petitions against Jack Nuszen, the Plaintiff-Appellee in this pending appeal.

6.     Appellant has mailed complaints, regarding the Appellee's course of action and the Trial Court's misconduct towards the pending case, with the State Commission on Judicial Misconduct, the Federal Bureau of Investigation, the Harris County District Attorney's Office, the Department of Justice, and several other federal and state agencies. Furthermore, Appellant has filed a Motion for Recusal of Judge Charley Prine on April 17, 2015.

7.     Appellant seeks an immediate stay pending appeal of the above mentioned cause.

### III.    ARGUMENT AND AUTHORITIES

A court should stay its judgment pending appeal where the moving party can demonstrate that: (1) it is likely to succeed on the merits; (2) it would suffer irreparable injury if the stay were not granted; (3) granting the stay would not substantially harm the other parties; and (4) granting the stay would serve the public interest *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). This test is flexible and allows a movant to obtain a stay pending appeal by showing "a substantial case on the merits when a serious legal question is involved" and that "balance of

6

the equities weighs heavily in favor of granting the stay." *Ruiz v. Estelle*, 650 F.2d 555, 556 (5th Cir. 1981). The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay.

Although the Appellant respects this Court and its decision, the Appellant nevertheless believes that the Court of Appeals is likely to disagree with the judgment rendered by the District Court. Further, the harms imposed on Appellant and her children, should the District Court be permitted to further hear the modification case, are unduly irreparable because they will be forced to adhere to the District Court's biased rulings ordering unfavorable custody and child support obligations, and will further be undone by a favorable ruling on appeal. In addition, the appeal has been pending for nearly nine (9) months, thereby forcing Appellant to expend time and money in fighting for custody of her children in the District Court. Additionally, no harm will befall the Appellee if the District Court's judgment is stayed pending appeal. Finally, a public interest exists in this case, should the District Court be permitted to continue with entertaining Appellee's modification, in that the judicial system will undertake litigating a case that might be overturned by the outcome of this Court's decision on the appeal.

### IV.    PLEA TO THE JURISDICTION

Subject matter jurisdiction requires that the party bringing the suit have standing, that there be a live controversy between the parties, and that the case be justiciable. *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994). If the district court lacks the power to effect a remedy that would resolve the dispute at issue, the case does not present a justiciable issue. *Di Portanova v. Monroe*, 229 S.W.3d 324, 330 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (footnotes omitted); *see also Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007) ("A party may contest a trial court's subject matter jurisdiction by filing a plea to the jurisdiction."). Subject-matter jurisdiction cannot be waived, and can be raised at any time. *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004).

## V. RELIEF REQUESTED

Appellant, Miriam Blank, respectfully asks the Court to order the trial court to stay the trial pending the appeal before the Court and to remove the ordered TRO against Miriam Blank.

Miriam Blank prays that the Court grant this motion.

Respectfully submitted,

/s/ Christina Wanies-Guirgis
Christina Wanies-Guirgis
Texas Bar Number 24084772
9555 W. Sam Houston Parkway S., Ste 130
Houston, Texas 77099
Tel: (832) 582-8331
Fax: (832) 379-7490
ChristinaW@WaniesGuirgisPLLC.com
**Attorney for Plaintiff-Appellant**
**Miriam Blank**

## CERTIFICATE OF SERVICE

I certify a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on April 17, 2015.

/s/ Christina Wanies-Guirgis
Christina Wanies-Guirgis

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rules of Appellate Procedure 9.4, I hereby certify that this Appellant's Reply Brief contains 1,467 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ Christina Wanies-Guirgis
Christina Wanies-Guirgis
**Attorney for Plaintiff-Appellant, Miriam Blank**