# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00097-CV

**Paul L. Foster, William Eugene Powell, R. Steven Hicks, Nash M. Horne, Robert L. Stillwell, Alex M. Cranberg, Wallace L. Hall, Jr., Brenda Pejovich, Ernest Aliseda, and Jeffrey D. Hildebrand, in their official capacities as Regents of the University of Texas System; and Craig Westemeier, in his official capacity as Associate Athletics Director, Appellants**

**v.**

**American Society of Landscape Architects, Inc. and the American Society of Landscape Architects' Library and Education Advocacy Fund, Inc., Individually and on behalf of Sustainable Sites Initiative, an Unincorporated Nonprofit Association, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GN-13-003564, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In this interlocutory appeal challenging the trial court's order denying appellants' plea to the jurisdiction, appellants have filed a suggestion of mootness. Appellants contend that the case has become moot on appeal because the University of Texas has disclaimed any ownership of the intellectual property that is the source of the parties' dispute. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (noting that case becomes moot if controversy ceases to exist on appeal); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (noting that "a controversy must exist between the parties at every stage of the legal proceeding, including the appeal" and that, if controversy ceases to exist, case becomes moot).

In a response to appellants' suggestion of mootness, appellees agree that the appeal is moot but they contend that it is moot for a different reason. Appellees contend that the case has become moot because appellees also have divested their interest in the subject intellectual property and have non-suited their claims against all parties with prejudice in the trial court. *See Houston Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 153, 156-57 (Tex. 2007) (dismissing case of one of plaintiffs on appeal and vacating trial court's orders to extent that they affected plaintiff's claims because plaintiff filed voluntary non-suit).

Given the parties' agreement that this case is moot, we vacate the trial court's order and dismiss the case for want of jurisdiction. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction." (citing *Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 229–30 (Tex. 1993))); *Ferrell*, 248 S.W.3d at 156–57.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Vacated and Dismissed

Filed:  May 22, 2015

2