# IN THE SUPREME COURT OF TEXAS

══════════
No. 14-0986
══════════

MIKE MORATH, COMMISSIONER OF EDUCATION, PETITIONER,

v.

STERLING CITY INDEPENDENT SCHOOL DISTRICT, HIGHLAND
INDEPENDENT SCHOOL DISTRICT, AND BLACKWELL CONSOLIDATED
INDEPENDENT SCHOOL DISTRICT, RESPONDENTS

══════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE ELEVENTH DISTRICT OF TEXAS
══════════════════════════════════════════════

JUSTICE BROWN, concurring.

I agree with the dissent that "the Commissioner's decision to clawback several million dollars from the [D]istricts was not a determination authorized by . . . section 42.2516" of the Education Code, and thus "the [D]istricts' claims were for *ultra vires* acts of the Commissioner." *Post* at __. However, because I also agree with the plurality that "[t]he Finality Provision precludes the Districts' challenges to the Commissioner's decision," *ante* at __, I concur in the judgment.

## I

As discussed by the plurality, the dispute in this case arises from the Commissioner of Education's decision to clawback excess revenue from several school districts ("Districts") pursuant to former section 42.2516(h) of the Education Code ("Clawback Provision"). The Clawback Provision requires the Commissioner to "reduce the amount of state aid provided to [a] district . . .

by an amount equal to the excess revenue, as determined by the commissioner" when the "amount of state and local revenue per student . . . exceeds the amount to which a district is entitled . . . for [the] school year" as a consequence "of increases to the equalized wealth level . . . , the basic allotment . . . , and the guaranteed level." TEX. EDUC. CODE § 42.2516(h) (2006). Here, the Commissioner concedes that his determination of "excess revenue" was based in large part on increases in the Districts' tax revenues. As "tax revenue" is not one of the three categories listed in the statute, the Districts allege the Commissioner acted *ultra vires*.

## A

We said in *Houston Belt & Terminal Railway v. City of Houston* that "governmental immunity bars suits complaining of an exercise of *absolute* discretion but not suits complaining of . . . an officer's exercise of . . . *limited* discretion without reference to or in conflict with the constraints of the law authorizing the official to act." __ S.W.3d __, __ (Tex. 2016). Without much discussion, the plurality concludes that "[t]he Clawback Provision . . . did not prohibit [the Commissioner] from recovering revenue that . . . exceeded target levels" for reasons other than increases to the equalized wealth level, basic allotment, and guaranteed level. *Ante* at __. But as the dissent points out, by enumerating three specific categories, the plain language of section 42.2516(h) operates to "limit[] the Commissioner's discretion as to what he *may* consider" when recovering excess revenue. *Post* at __.

Similar to the grant of authority to the Director of Public Works in *Houston Belt*, section 42.2516(h) provides the Commissioner with "some authority" to determine whether a district has excess revenue, but "he does not have authority to make that determination in a way that conflicts

2

with [the statute]." *See Houston Belt*, __ S.W.3d at __; *see also* TEX. EDUC. CODE § 42.2516(h) (2006) (allowing the Commissioner to recover excess revenue under the statute "as determined by the commissioner"). Not only does the plurality's reading of the Clawback Provision contradict the statute's plain language, but it also renders the language listing the three categories superfluous and is inconsistent with the principle of *expressio unius est exclusio alterius*—the naming of one or more implies the exclusion of others. *See PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 640 (Tex. 2008) (Willett, J., joined by Hecht, J., dissenting). Accordingly, I would hold that by employing categories other than the three specifically listed in section 42.2516(h) to determine "excess revenue," the Commissioner "acted beyond the limits of the discretion he was actually granted," making his actions *ultra vires*. *See Houston Belt*, __ S.W.3d at __.

**B**

Absent additional language in the relevant statute, *Houston Belt* dictates that the Districts pleaded viable *ultra vires* claims; but section 42.2516 contains a finality provision. That provision plainly states that "[a] determination by the commissioner under this section is *final and may not be appealed*." TEX. EDUC. CODE § 42.2516(l) (2006) (emphasis added). There was no similar provision at issue in *Houston Belt*. As the plurality notes, we stated in *Houston Municipal Employees Pension System v. Ferrell* that "[t]he words 'final and binding,' when used to describe an administrative decision, preclude judicial review." *Ante* at __ (quoting *Hous. Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007)). Similar to the plurality, I find "final and may not be appealed" to be indistinct from "final and binding." Thus, "[a]bsent a conspicuous and irreconcilable conflict" between the Commissioner's actions and his authority under section 42.2516(h), "any further

3

consideration of the matter would impermissibly encroach on the unreviewable, discretionary authority afforded to the [Commissioner] under [section 42.2516]." *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 11 (Tex. 2015). That standard is necessarily higher than that for pleading an *ultra vires* claim, and, like the plurality, I would not foreclose that standard being met. But as the plurality concludes, there is no such conflict present here. *See ante* at __.

The dissent argues that because the finality provision is limited to determinations made "under this section," and "the Commissioner's determination . . . was outside the clawback authority granted to him by section 42.2516(h), his determination was not 'under' section 42.2516," making the finality provision inapplicable. *See post* at __. But we said in *Houston Belt* that an official can commit an *ultra vires* act when he "mak[es] the type of *determination* which [he] ha[s] authority to make," but "in a way the law [does] not allow." *See* __ S.W.3d at __ (emphasis added) (discussing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 371–78 (Tex. 2009)). Thus, here, while the Commissioner's determination under section 42.2516(h) was *ultra vires*, it was nonetheless a determination under section 42.2516 to which the finality provision applies. Adopting the dissent's interpretation of the finality provision renders it meaningless, as decisions the Commissioner makes within his legal authority are already immune from judicial review. *See Heinrich*, 284 S.W.3d at 372 ("To fall within [the] *ultra vires* exception, a suit . . . must allege . . . that [an] officer acted *without* legal authority." (emphasis added)). As the dissent acknowledges, "[i]n construing a statute, we must give effect to each word." *Post* at __ (citing *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) ("The Court must not interpret the statute in a manner that renders any

4

part of the statute meaningless or superfluous.")). Therefore, I would read the finality provision as including *ultra vires* acts, but—per *Ferrell* and *Klumb*—not irreconcilably conflicting ones.

\* \* \*

While I would find that the Commissioner acted *ultra vires* by including tax revenues in his determination of excess revenue under section 42.2516(h), I would also find that the finality provision in section 42.2516(l) exempts the Commissioner's actions from judicial review except in very limited circumstances which are not applicable here. Accordingly, I concur only in the judgment.

 

 

_____
Jeffrey V. Brown
Justice

OPINION DELIVERED: June 24, 2016

5