**Opinion issued April 9, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00762-CV

———————————

**JOHN GANNON, INC., Appellant**

**V.**

**TEXAS DEPARTMENT OF TRANSPORTATION, Appellee**

---

**On Appeal from the 455th District Court**
**Travis County, Texas[1]**
**Trial Court Case No. D-1-GN-21-002648**

---

## MEMORANDUM OPINION

The Texas Administrative Procedure Act ("APA") requires a party seeking

judicial review in a contested case to petition not later than the 30th day after the

---

[1] Per its docket equalization authority, the Supreme Court of Texas transferred this appeal to this Court. *See* Misc. Docket No. 22-9083 (Tex. Sept. 27, 2022); *see also* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases); TEX. R. APP. P. 41.3.

date the complained-of order became final and appealable. *See* TEX. GOV'T CODE § 2001.176(a). John Gannon, Inc. ("JGI") filed its petition seeking judicial review of an order of the Texas Transportation Commission ("Commission"), the governing body for the Texas Department of Transportation ("TxDOT"), on the 47th day. TxDOT moved to dismiss, arguing that the trial court lacked subject matter jurisdiction because JGI's petition was untimely. The trial court agreed and dismissed JGI's petition. On appeal, JGI contends: (1) the APA's 30-day deadline is not jurisdictional, (2) the 30-day deadline did not apply to its constitutional claims, and (3) its untimely filing was excused by the Texas Supreme Court's emergency order directing courts to exercise their discretion to modify or suspend filing deadlines during the COVID-19 pandemic. Because we conclude that the 30-day deadline is jurisdictional as to JGI's claims and that the emergency order does not revive the trial court's lost jurisdiction, we affirm.

## Background

JGI owns commercial signs—billboards—that are located next to Texas highways. TxDOT is the state agency tasked with regulating billboards under the Texas Highway Beautification Act.[2] *See* TEX. TRANSP. CODE §§ 391.001–.256; *see*

---

[2] The Legislature enacted the Texas Highway Beautification Act in response to the Federal Highway Beautification Act, which became law in 1965. *See* Highway Beautification Act of 1965, Pub. L. No. 89-285, 79 Stat. 1028 (codified as amended at 23 U.S.C. § 131). The federal act aims to "protect the public investment in [interstate] highways, to promote the safety and recreational value of public travel,

*also* 43 TEX. ADMIN. CODE § 21.141. The Act's purpose is to "promote the health, safety, welfare, morals, convenience, and enjoyment of the traveling public," and "protect the public investment" in the highway system. TEX. TRANSP. CODE § 391.002(b). Noncompliant billboards are considered a "public nuisance." *Id.* § 391.034(a)(2).

Billboard owners like JGI must obtain a license and a permit from TxDOT before erecting or maintaining a billboard in a regulated area. *See id.* §§ 391.061, .067. Relevant here, TxDOT may impose administrative penalties on noncompliant billboard owners or cancel their permits. *Id.* § 391.0355(a).

Beginning in 2019, TxDOT sought to cancel four of JGI's billboard permits for noncompliance based on allegations that:

(1) The Lampasas Billboard (Permit 17-00196) did not meet wind load requirements and was too tall. *See* 43 TEX. ADMIN. CODE § 21.188; TEX. TRANSP. CODE § 391.038.

(2) The Fayette Billboard (Permit HBA-26375) was too big. *See* 43 TEX. ADMIN. CODE § 21.182(a).

(3) The Jackson Billboard (Permit 17-00317) was too big. *See id.*

(4) The Montgomery Billboard (Permit HBA-25622) was modified without a permit and located too close to a highway exit ramp. *See id.* §§ 21.191(c)(5), .193(b).

---

and to preserve natural beauty." 23 U.S.C. § 131(a). To that end, it requires that all states control the erection and maintenance of outdoor advertising signs along the nation's highways. *Id.* § 131(a), (c). Absent provisions for controlling such signs, a state risks losing ten percent of its highway funds. *Id.* § 131(b).

3

In response to TxDOT's cancellation notices, JGI asserted its right to a contested case hearing on the alleged violations and any administrative penalties TxDOT might impose.[3] *See* TEX. GOV'T CODE § 2001.003(1) ("'Contested case' means a proceeding . . . in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing."). An administrative law judge considered the parties' evidence and issued a proposal for decision containing findings of fact and conclusions of law. She found that (1) TxDOT had not shown that JGI failed to certify that the Lampasas Billboard met the wind load requirements, (2) JGI had lowered the height of the Lampasas Billboard, (3) JGI had reduced the size of the Fayette and Jackson Billboards, and (4) JGI had not obtained an amended permit before changing the Montgomery Billboard. She proposed cancellation of the Montgomery Billboard permit but only administrative penalties for the other, cured violations.

On February 25, 2021, the Commission adopted the administrative law judge's proposal for decision, ordered the cancellation of the Montgomery Billboard permit, and imposed administrative penalties of $235,500 for the Lampasas, Fayette, and Jackson Billboards. JGI filed a motion for rehearing, which was overruled by operation of law on April 21, 2021. *See id.* § 2001.146(c) ("A state agency shall act

---

[3] TxDOT sought administrative penalties of up to $1,000 per day of violation for each permit.

4

on a motion for rehearing not later than the 55th day after the date the decision or order that is the subject of the motion is signed or the motion for rehearing is overruled by operation of law."). Consequently, the Commission's order became final and appealable on April 21, 2021, making any petition for judicial review due by May 21, 2021. *See id.* § 2001.176(a) ("A person initiates judicial review in a contested case by filing a petition not later than the 30th day after the date the decision or order that is the subject of complaint is final and appealable."). JGI petitioned for judicial review on June 7, 2021.[4]

TxDOT moved to dismiss for want of jurisdiction, arguing that its sovereign immunity had not been waived because JGI filed its petition late. JGI responded and moved for leave to late file its petition, arguing that the trial court should excuse the untimely filing under the Texas Supreme Court's emergency orders allowing modification or suspension of statutory deadlines during the COVID-19 pandemic.

The trial court did not rule on JGI's motion for leave. But it granted TxDOT's motion to dismiss and dismissed JGI's suit with prejudice.

---

[4]     JGI's petition asserted that the Commission's order: (1) violated a constitutional or statutory provision, (2) exceeded TxDOT's authority, (3) was made through unlawful procedure, (4) was affected by other legal error, (5) was not reasonably supported by substantial evidence, and (6) was arbitrary and capricious.

## Subject Matter Jurisdiction

JGI contends the trial court erred in dismissing its petition for lack of subject matter jurisdiction. JGI also contends the trial court had discretion to extend the 30-day deadline under the Texas Supreme Court's emergency order modification or suspension of statutory deadlines during the COVID-19 pandemic.

### A.     Standard of Review

A plea to the jurisdiction is a dilatory plea challenging a trial court's authority to decide a case and seeking dismissal of a case for lack of subject matter jurisdiction. *See Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bacon v. Tex. Hist. Comm'n*, 411 S.W.3d 161, 170 (Tex. App.—Austin 2013, no pet.). "In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). "Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Id.* at 225–26. The plaintiff must affirmatively show the trial court's jurisdiction, *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012), including a waiver of sovereign immunity in suits against the government, *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019).

A party challenging subject matter jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When the challenge is to the pleadings, we determine whether the plaintiff alleged facts affirmatively showing subject matter jurisdiction. *Id.* We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Miranda*, 133 S.W.3d at 226. If the pleadings do not contain sufficient facts to affirmatively show jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be given a chance to amend. *Id.* at 226–27. But if the pleadings affirmatively negate the existence of jurisdiction, the trial court may grant a plea to the jurisdiction without allowing the plaintiff an opportunity to amend. *Id.*

By contrast, if the trial court granted the plea based on a challenge to the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues. *Id.* If the plea involved evidence implicating the merits of the case, we review the evidence to decide whether a fact issue exists. *See id.* If there is a fact question on jurisdiction, we cannot grant the plea, and the fact question will be resolved by the factfinder. *See id.* at 227–28. But if the relevant evidence is undisputed or fails to raise a fact question on jurisdiction, we rule on the plea as a matter of law. *See id.* at 228. In conducting this review, we assume all evidence supporting the plaintiff's allegations is true, and we

7

resolve all doubts and make all reasonable inferences in the plaintiff's favor. *Tex. Tech. Univ. Health Scis. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 305 (Tex. 2020).

"Our ultimate inquiry is whether the particular facts presented, as determined by the foregoing review of the pleadings and any evidence, affirmatively demonstrate a claim within the trial court's subject-matter jurisdiction." *Bacon*, 411 S.W.3d at 171. "That is a question of law we review de novo." *Id.*

To the extent that an issue involves statutory interpretation or the legal effect of a court order, we apply a de novo standard of review. *Kim v. Ramos*, 632 S.W.3d 258, 265 (Tex. App.—Houston [1st Dist.] 2021, no pet.). We construe both statutes and court orders according to their plain meaning. *See id.* at 269 (court orders); *Hegar v. Sunstate Equip. Co.*, 578 S.W.3d 533, 535 (Tex. App.—Austin 2017), *aff'd*, 601 S.W.3d 685 (Tex. 2020) (statutes).

## B.   The APA's 30-day deadline is jurisdictional as to all JGI's claims.

JGI's pleaded claims against TxDOT—that the Commission violated constitutional and statutory provisions, committed procedural and legal errors, lacked evidentiary support for its decision, and acted arbitrarily and capriciously— seek relief from the Commission's order cancelling the Montgomery Billboard permit and imposing administrative penalties for the Lampasas, Fayette, and Jackson Billboards. It is undisputed that JGI did not sue TxDOT until after the APA's 30-day deadline had passed. *See* TEX. GOV'T CODE § 2001.176(a). Still, JGI asserts it is

entitled to judicial review of its claims because the APA's filing deadline is not jurisdictional, and JGI's constitutional claims are exempt from the APA's procedural requirements.

"There is no right to judicial review of an administrative order unless a statute explicitly provides that right or the order violates a constitutional right." *Hous. Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007). The APA potentially provided JGI with the right to judicial review of the Commission's order. Under section 2001.171, "[a] person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." TEX. GOV'T CODE § 2001.171.

Section 2001.171 thus provides "a limited waiver of sovereign immunity," "if certain statutory prerequisites to suit are satisfied." *Gonzalez v. Tex. Med. Bd.*, No. 03-22-00205-CV, 2023 WL 7134982, at *6 (Tex. App.—Austin Oct. 31, 2023, no pet. h.) (mem. op.) (citing *Tex. Dep't of Protective & Regul. Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 198 (Tex. 2004)). These prerequisites include a timely petition for review, which must be filed "not later than the 30th day after the date the decision or order that is the subject of complaint is final and appealable." TEX. GOV'T CODE § 2001.176(a). A decision or order in a contested case is final on the date the latest filed motion for rehearing is overruled by operation of law, which is

55 days "after the date the decision or order that is the subject of the motion is signed." *Id.* §§ 2001.144(a)(2)(B), .146(c).

The Texas Supreme Court determined that statutory prerequisites to suit (such as timely filing a lawsuit) are jurisdictional when a defendant is a governmental entity. *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012); *see also* TEX. GOV'T CODE § 311.034 ("Statutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a governmental entity."); *City of Madisonville v. Sims*, 620 S.W.3d 375, 380 (Tex. 2020) (per curiam) (concluding that because plaintiff failed to timely file suit against city under Whistleblower Act, "he failed to satisfy a jurisdictional statutory prerequisite to suit").

Relying on this authority, the Austin Court of Appeals has itself determined that the APA's 30-day deadline is jurisdictional in suits filed against governmental entities, like TxDOT. *See Gonzalez*, 2023 WL 7134982, at *6; *Volino v. Tex. Dep't of Motor Vehicles*, No. 03-22-00209-CV, 2023 WL 2617801, at *2 (Tex. App.—Austin Mar. 24, 2023, no pet.) (mem. op.) (concluding that because appellant's suit was against governmental entity, "the statutory prerequisites set out in the APA, including the thirty-day deadline to file the petition for review, are jurisdictional and not merely mandatory"); *Perez v. Physician Assistant Bd.*, No. 03-16-00732-CV, 2017 WL 5078003, at *3 (Tex. App.—Austin Oct. 31, 2017, pet. denied) (mem. op.) (stating that plaintiff "failed to comply with the [APA's] statutory prerequisite

10

of timely filing suit to confer jurisdiction on the trial court over his claims" seeking relief from administrative order).

The Austin Court has also observed that Texas law does not allow a party to avoid statutory jurisdictional prerequisites simply by including a constitutional claim. *Tex. Comm'n on Env't Quality v. Kelsoe*, 286 S.W.3d 91, 97 (Tex. App.—Austin 2009, pet. denied) (holding that person raising constitutional claim challenging agency order must comply with statute's jurisdictional requirements for bringing suit for judicial review of administrative order); TEX. GOV'T CODE § 2001.174(2)(A) (providing that judicial review of agency decisions under APA includes review of whether decision violates any constitutional provision); *cf. City of Dall. v. Stewart*, 361 S.W.3d 562, 579–80 (Tex. 2012) (citing *Kelsoe*, 286 S.W.3d at 97, for proposition that "a party making a constitutional claim must nonetheless comply with statutory prerequisites for judicial review").

We must follow the Austin Court's precedent in this appeal. *See* TEX. R. APP. P. 41.3 (transferee court must follow transferor court's jurisprudence); *see also Lubbock Cnty., Tex. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002). In doing so, we conclude that the APA required JGI to petition for review "not later than the 30th day after the date the decision or order that is the subject of complaint is final and appealable," and that this requirement was jurisdictional in nature. *See* TEX. GOV'T CODE § 2001.176(a); *Gonzalez*, 2023 WL 7134982, at *6;

11

*Perez*, 2017 WL 5078003, at \*3; *Kelsoe*, 286 S.W.3d at 97. Because JGI failed to meet this jurisdictional requirement, the trial court did not err in dismissing JGI's suit for want of jurisdiction.

**C.     The Texas Supreme Court's emergency order did not give the trial court discretion to extend the jurisdictional deadline.**

At the onset of the COVID-19 pandemic Texas Governor Greg Abbott issued a proclamation under the Texas Disaster Act of 1975, *see* TEX. GOV'T CODE §§ 418.001–.310, certifying that "COVID-19 pose[d] an imminent threat of disaster" in all 254 Texas counties. *See* The Governor of the State of Tex., Proclamation No. 41-3720, 45 Tex. Reg. 2087, 2094–95 (2020); *see also* TEX. GOV'T CODE § 418.014 ("Declaration of State of Disaster"). On March 13, 2020, the Texas Supreme Court issued its First Emergency Order Regarding the COVID-19 State of Disaster under its statutory authority to modify or suspend procedures for the conduct of any court proceeding "affected by a disaster during the pendency of a disaster declared by the governor." TEX. GOV'T CODE § 22.0035(b); *see* Supreme Court of Texas, *First Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 20-9042, 596 S.W.3d 265, 265–66 (Tex. 2020). That order recognized the Governor's state of disaster and instructed that,

> [s]ubject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent: . . . [m]odify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending

12

no later than 30 days after the Governor's state of disaster has been lifted[.]

*Id.* at 265.

The Governor extended the state of disaster as the pandemic endured, and the Supreme Court renewed its emergency order. On May 26, 2021, the Court issued its Thirty-Eighth Emergency Order stating that,

> [s]ubject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent: . . . modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than August 1, 2021[.]

*See* Supreme Court of Texas, *Thirty-Eighth Emergency Order Regarding the COVID-19 State of Disaster,* Misc. Docket No. 21-9060, 629 S.W.3d 900, 900 (Tex. May 26, 2021).

JGI argues that the plain language of the Thirty-Eighth Emergency Order applies to extend the 30-day deadline for a petition for review under section 2001.176 of the Administrative Procedure Act. But JGI's interpretation conflicts with how several appellate courts, including this one, have viewed the Supreme Court's emergency orders. Each court that has considered whether the emergency orders extend jurisdictional deadlines to create jurisdiction where it would not otherwise exist has answered the question in the negative. *E.g.*, *Nix v. City of Beaumont*, No. 09-22-00042-CV, 2023 WL 4781212, at *5 (Tex. App.—Beaumont

13

July 27, 2023, no pet.) (mem. op.) (stating emergency orders do not extend deadline for perfecting appeal, grant authority to revive jurisdiction once appellate deadline passes, or grant jurisdiction where none otherwise exists); *Harris Cnty. v. Davidson*, 653 S.W.3d 318, 323 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (concluding emergency order did not extend jurisdictional deadline for filing suit because order does not create jurisdiction where none exists); *Prescod v. Tkach*, No. 02-21-00162-CV, 2022 WL 246858, at *5 (Tex. App.—Fort Worth Jan. 27, 2022, no pet.) (mem. op.) ("The emergency orders do not give courts authority to revive jurisdiction once a jurisdictional deadline has passed."); *Choudry v. Choudry*, No. 01-20-00698-CV, 2021 WL 3556660, at *1 n.1 (Tex. App.—Houston [1st Dist.] Aug. 12, 2021, no pet.) (per curiam) (mem. op.) ("[A]lthough the Supreme Court's emergency order provides that courts may modify or suspend deadlines . . . , nothing in the emergency order suggests that it may be interpreted to grant jurisdiction where jurisdiction no longer exists."); *Quariab v. El Khalili*, No. 05-20-00979-CV, 2021 WL 960646, at *1–2 (Tex. App.—Dallas Mar. 15, 2021, no pet.) (mem. op.) (concluding emergency order did not reinstate trial court's jurisdiction by extending deadline to exercise plenary power); *Cantu v. Trevino*, No. 13-20-00299-CV, 2020 WL 6073267, at *5 (Tex. App.—Corpus Christi–Edinburg Sept. 24, 2020, no pet.) (mem. op.) ("[N]othing in the emergency orders suggest that they alter the rules of appellate procedure or purport to grant jurisdiction where none

14

exists."); *see also In re State ex rel. Ogg*, 618 S.W.3d 361, 364 (Tex. Crim. App. 2021) (interpreting Supreme Court's emergency orders as "presuppos[ing] a pre-existing power or authority over the case or the proceedings" and granting courts ability to "extend a deadline . . . that would otherwise be part of the court proceedings," but orders "do[] not suggest that a court can create jurisdiction for itself where the jurisdiction would otherwise be absent").

JGI has cited no contrary authority from the Austin Court, nor have we found any. *See* TEX. R. APP. P. 41.3. Neither has JGI argued why the Thirty-Eighth Emergency Order's plain language mandates a different construction. And we conclude it does not. While the Thirty-Eighth Emergency Order directed the trial courts to exercise their discretion in granting extensions where that discretion existed, it did not revive a trial court's lost jurisdiction. *See Choudry*, 2021 WL 3556660, at *1 n.1. Accordingly, we hold that the Supreme Court's Thirty-Eighth Emergency Order did not give the trial court discretion to extend the 30-day deadline for a petition under section 2001.176 and confer itself with subject matter jurisdiction.[5]

---

[5] Because we conclude that the trial court did not have discretion under the Supreme Court's Thirty-Eighth Emergency Order to extend the deadline for JGI's appeal of the Commission's order, we do not reach JGI's complaint that the trial court erred in exercising its discretion under the good-cause standard for enlarging time in Texas Rule of Civil Procedure 5. *See* TEX. R. APP. P. 47.1. Nor do we consider JGI's arguments addressing the merits of the Commission's order. *See id.*

**Conclusion**

We affirm the trial court's order dismissing JGI's petition for want of subject matter jurisdiction.

Sarah Beth Landau
Justice

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.