**Opinion issued April 24, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00916-CR

————————————

**ANTOINE JERMAINE DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the County Court at Law No 1
Fort Bend County, Texas
Trial Court Case No. 21-CCR-221014

**MEMORANDUM OPINION**

Appellant, though represented in the trial court by appointed counsel,[1] has filed a pro se notice of appeal, challenging the trial court's November 22, 2024 order denying his pro se motion to dismiss for lack of jurisdiction. We dismiss.

"Courts always have jurisdiction to determine their own jurisdiction." *Houston Mun. Employees Pension Sys.v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007). The right to appeal in criminal cases is conferred by statute and a party may only appeal a judgment of conviction or an interlocutory order if authorized by statute. *See* TEX. CODE CRIM. PROC. art. 44.02, TEX. R. APP. P. 25.1(a)(2); *Ex parte Castillo*, 664 S.W.3d 833, 834 (Tex. Crim. App. 2022). A court of appeals lacks jurisdiction to review an interlocutory order in a criminal case when no statute expressly grants jurisdiction. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). When this Court lacks jurisdiction, we must dismiss the appeal. *See Anthony v. State*, No. 01-19-00941-CR, 2020 WL 1144670, at *1 (Tex. App.—Houston [1st Dist.] Mar. 10, 2020, no pet.) (mem. op., not designated for publication).

In this case, the clerk's record shows that appellant is attempting to appeal from an interlocutory order denying a motion to dismiss. No statute provides for

---

[1] The clerk's record indicates that appellant was charged with the offense of carrying a handgun in a motor vehicle while "engaged in criminal activity, to-wit: Possession of Drug Paraphernalia." A magistrate's affidavit stated that appellant did not request appointment of counsel. Nonetheless, the trial court appointed standby counsel.

appeal from this type of interlocutory order. Accordingly, we lack jurisdiction over appellant's attempted appeal. *See id.*

We dismiss this appeal for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.

Do not publish. TEX. R. APP. P. 47.2(b).